HUGHES, Plaintiff in error, v. STATE, Defendant in error.

*No. 217. Argued June 8, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 348.)

478

For the plaintiff in error there was a brief and oral argument by *John J. Germanotta*, Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *Michael R. Klos*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

BEILFUSS, J.   Before the matter was submitted to the jury the defendant's counsel requested by appropriate motion that a verdict permitting the jury to find the defendant guilty of the lesser included offense of fornication be submitted to the jury along with the greater charge of sexual intercourse with a child. The motion was denied so that the alternatives open to the jury were a return of a verdict of guilty of sexual intercourse with a child or not guilty. The only issue before us is whether it was error not to submit a jury verdict permitting a finding of guilty to the lesser included offense of fornication.

The pertinent facts as they appear in the record of the trial are as follows:

During the summer months of 1970 in Milwaukee, in the neighborhood where defendant lived, he met the prosecutrix, Mrs. Mary Ann ———. About September 1st, Mary Ann returned to her home in Wyatt, Missouri. The defendant knew that she was married and lived in Wyatt.

On September 25, 1970, the defendant and Mary Ann came back to Milwaukee by bus from Wyatt. Mary Ann testified that they arrived in Milwaukee about 6 a. m., on September 26th, and that both of them went to his apartment at 1418 West Vliet Street in Milwaukee. That night the defendant and Mary Ann had sexual intercourse in his bedroom.

At the trial she testified that her date of birth was November 27, 1953, which would mean that she was sixteen years old at the time she had intercourse with the defendant. She also testified that she was married and was the mother of a two-year-old child at the time of trial.

The cross-examination of Mary Ann revealed that she had told the defendant that she was nineteen years old and that she also told the police that she was nineteen.

The defendant testified on his own behalf [2] and stated that Mary Ann told him she was nineteen years old and that she had an identification card which showed her birth date to be in November of 1950. In rebuttal, Mary Ann testified that the defendant had prepared and given her this identification card with the name "Marie Martin" on it, that the date of her birth was reported there as 1948, and that it was in the form of a Wisconsin driver's license. She further testified the defendant later took this card back from her.

---

[2] The defendant was fifty-one years old, was not married, and had the equivalent of two years of college.

Willie Ford was called by the defense and stated he operated a tavern on Vliet Street and owned the building where the defendant's apartment was located. He testified Mary Ann told him she was twenty-one years old. Billy Clifton, another defense witness, stated Mary Ann, while in a tavern, told him she was twenty-three years old.

The following statutes clearly demonstrate (and the state does not contend otherwise) that fornication is a lesser included offense of the crime of sexual intercourse with a child. The statutes are:

"944.10 **Sexual intercourse with a child.** Any male who has sexual intercourse with a female he knows is not his wife may be penalized as follows:

"(1) If the female is under the age of 18, fined not more than $1,000 or imprisoned not more than 5 years or both."

"944.15 **Fornication.** Whoever has sexual intercourse with a person not his spouse may be fined not more than $200 or imprisoned not more than 6 months or both."

"939.66 **Conviction of included crime permitted.** . . . An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged."

Simply because the evidence will sustain a conviction of a lesser included offense, it does not follow that the court must submit a verdict and instructions to the jury as to the lesser included offense.

In *State v. Zdiarstek* (1972), 53 Wis. 2d 776, 786, 193 N. W. 2d 833, this court has recently described the appropriate test as follows:

". . . The test is whether, upon a reasonable view of the evidence, it is doubtful that the greater offense has been committed, *State v. Melvin* (1970), 49 Wis. 2d 246, 252, 181 N. W. 2d 490; or to express it another

way, there exists a reasonable basis for a conviction on the lesser charge and acquittal on the greater charge. . . ."

In *State v. Melvin, supra,* at page 253, this court stated:

"The early cases point out and emphasize and we must stress again, because the question keeps recurring, that a determination of whether an instruction on a lesser included crime should be given to a jury is not solved by merely determining the crime charged includes the lesser offense because juries are not to be given the discretion or freedom to pick and choose what offense the accused should be found guilty of. *Weisenbach v. State* (1909), 138 Wis. 152, 119 N. W. 843. The evidence must throw doubt upon the greater offense. Juries cannot rightly convict of the lesser offense merely from sympathy or for the purpose of reaching an agreement. They are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence will sustain and does not convince beyond a reasonable doubt the additional element of the greater crime existed." (*See also: State v. Parker,* ante, p. 131, 197 N. W. 2d 742, for the same proposition.)

In order to sustain a conviction of sexual intercourse with a child the state need only show that the female involved was less than the statutory age at the time of the act. The law, in effect, does not permit a child under the statutory age to consent to sexual intercourse and, accordingly, it is immaterial whether the child told the defendant she was over the statutory age and even if he believed her to be over eighteen.[3] The defendant concedes the evidence is sufficient to sustain a conviction of the greater crime.

Assuming the cross-examination and other impeachment evidence could be considered substantive evidence,[4] the question then becomes does it have sufficient

[3] *See Kelley v. State* (1971), 51 Wis. 2d 641, 187 N. W. 2d 810.
[4] *See Gelhaar v. State* (1969), 41 Wis. 2d 230, 163 N. W. 2d 609.

probative value so as to create a reasonable doubt as to whether the prosecutrix was beyond the statutory age of consent. We think not. It is, of course, a verity she was of a fixed age on the day in question. Under oath she stated a birth date that fixed her age as about two months less than seventeen years. The trial record does not reveal that she gave any other birth date while testifying under oath. On cross-examination she readily admitted she had stated her age differently on other occasions. She was not under oath and the motivations of the moment serve to explain the discrepancies. She sought the favors of the defendant, wanted to avoid juvenile detention by the police, and gave an age by which she could legally enter a tavern.

We do not believe, under the test of *Zdiarstek* and *Melvin, supra,* that upon a reasonable view it is doubtful that the greater offense has been committed.

*By the Court.*—Judgment and order affirmed.