STATE of Wisconsin, Plaintiff-Appellant,

v.

Todd M. JADOWSKI, Defendant-Respondent.

Supreme Court

*No. 03–1493–CR. Oral argument April 27, 2004.—Decided June 10, 2004.*

2004 WI 68

(Also reported in 680 N.W.2d 810.)

419

420

For the plaintiff-appellant the cause was argued by *Sandra L. Nowack,* assistant attorney general, with whom on the briefs was *Peggy A. Lautenschlager,* attorney general.

For the defendant-respondent there was a brief by *Richard Hahn* and *Holden & Hahn, S.C.,* Sheboygan, and oral argument by *Richard Hahn.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J.  This is an appeal from an order of the Circuit Court for Sheboygan County, L. Edward Stengel, Judge. Todd M. Jadowski, the defendant, faces prosecution on one count of sexual intercourse with a person who has not yet attained the age of 16 years contrary to Wis. Stat. § 948.02 (1999–2000).[1] The circuit court granted the defendant's motion to introduce evidence of the victim's intentional misrepresentation of her age.[2]

¶ 2.  This case comes before the court on certification by the court of appeals pursuant to Wis. Stat. § (Rule) 809.61. The court of appeals certified the following questions:

(1)  Is a minor sexual assault victim's intentional misrepresentation of his or her age a defense to a charge brought under Wis. Stat. § 948.02(2)?

(2)  If not, do Wis. Stat. §§ 939.23, 939.43(2), and 948.02(2) deny an accused his constitutional rights under the Fourteenth Amendment to the United States Constitution?

¶ 3.  We answer the questions as follows:

(1)  Wisconsin Stat. § 948.02(2) read in conjunction with Wis. Stat. §§ 939.23 and 939.43(2) precludes a defense predicated on a child's intentional misrepresentation of her age. On the basis of the text of the statutes, the history and purpose of the statutes, and the practical requirements of law enforcement, and despite the severe penalties imposed, we conclude that no affirmative defense of the victim's intentional

---

[1] All references to the Wisconsin statutes are to the 1999–2000 version unless otherwise indicated.

[2] We use "intentional misrepresentation" and "fraudulent misrepresentation," and "fraud" interchangeably.

misrepresentation of his or her age exists in a prosecution under Wis. Stat. § 948.02(2). We decline the defendant's invitation to engraft such an affirmative defense onto § 948.02(2). Accordingly, we further conclude that the circuit court erred in ruling to admit the evidence the defendant proffered. If an accused's reasonable belief about the victim's age, based on the victim's intentional misrepresentation of age, is not a defense, then neither evidence regarding the defendant's belief about the victim's age nor evidence regarding the cause for or reasonableness of that belief is relevant.[3] Therefore, evidence of the defendant's reasonable belief about the victim's age or the victim's intentional misrepresentation of her age is inadmissible in the guilt-determination phase of a criminal proceeding to support the defendant's asserted affirmative fraud defense to the crime.

(2)　The statutes do not violate an accused's rights under the Fourteenth Amendment to the United States Constitution.

¶ 4.　We therefore reverse the order of the circuit court and remand the cause to the circuit court for further proceedings consistent with this decision.

I

¶ 5.　For purposes of this appeal, the facts are not in dispute. On April 15, 2002, the State filed a complaint against the 35–year-old defendant, alleging that on April 3, 2002, he had sexual intercourse with a

---

[3] Wisconsin's rules of evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Wis. Stat. § 904.01.

person below the age of 16 in violation of Wis. Stat. § 948.02(2). The victim was born on September 13, 1986, making her about five and a half months shy of her 16th birthday on the date of the alleged assault.

¶ 6.   Prior to trial the defendant moved to admit evidence that the victim fraudulently induced him to believe she was an adult. The circuit court held an evidentiary hearing on the motion. The defendant made an offer of proof that the victim was a chronic runaway; that the victim used what appeared to be a state-issued identification card showing her to be 19 years old; that the victim told the defendant and others that she was 19 years old; that the victim appeared to be 19 years old; and that the victim maintained in the defendant's presence that she was old enough to work as an exotic dancer.

¶ 7.   The circuit court ruled that evidence of the victim's fraud was admissible under Wis. Stat. § 904.04 as relevant to the "issue of intent on behalf of the alleged victim as well as the absence of mistake or accident."[4]

¶ 8.   The State timely filed a motion for reconsideration, which the circuit court denied. The State sought leave to appeal the order admitting this evidence. The court of appeals granted leave to appeal and then certified the cause to this court as an issue of first impression.

---

[4] The parties disagree about the extent of the circuit court's order admitting evidence. The State maintains that the circuit court's order was limited to evidence presented at the motion hearing. The defendant argues that the circuit court's order also applied to information in his written offer of proof. We need not resolve this dispute in light of our holding.

## II

■

¶ 9.   The first issue requires us to decide whether a minor sexual assault victim's intentional misrepresentation of his or her age is a defense to a charge brought under Wis. Stat. § 948.02(2). This court decides questions of statutory interpretation independently of the circuit court and court of appeals, but benefiting from their analyses.

■

¶ 10.   The second issue requires us to determine the constitutionality of statutes. The question of constitutionality is a question of law that we decide independently of the circuit court or court of appeals, but benefiting from their analyses.[5] Statutes are presumed to be constitutional.[6] A party challenging a statute's constitutionality must ordinarily demonstrate that the statute is unconstitutional beyond a reasonable doubt.[7]

---

[5] *State v. Randall,* 192 Wis. 2d 800, 824, 532 N.W.2d 94 (1995).

[6] *Norquist v. Zeuske,* 211 Wis. 2d 241, 250, 564 N.W.2d 748 (1997).

[7] *Aicher ex rel. LaBarge v. Wis. Patients Comp. Fund,* 2000 WI 98, ¶¶ 18–20, 237 Wis. 2d 99, 613 N.W.2d 849.

When a statute implicates First Amendment rights, the State has the burden of proving beyond a reasonable doubt that the statute is constitutional. *State v. Zarnke,* 224 Wis. 2d 116, 124–25, 589 N.W.2d 370 (1999) (citing *State v. Thiel,* 183 Wis. 2d 505, 523, 515 N.W.2d 847 (1994); *City of Madison v. Baumann,* 162 Wis. 2d 660, 668–69, 470 N.W.2d 296 (1991)).

This often-used language of proof beyond a reasonable doubt is perhaps more pertinent to an evidentiary burden of proof in criminal cases than to a burden imposed on a party on a question of law. The burden of proof language recognizes the

¶ 11. The first issue we address is whether a minor sexual assault victim's intentional misrepresentation of his or her age is a defense to a charge under Wis. Stat. § 948.02(2). The defendant asserts that his reasonable belief about the victim's age based on the victim's fraud regarding her age should be a defense to a charge under § 948.02(2). We read Wis. Stat. § 948.02(2) with § 939.23 and § 939.43(2) to preclude a defense predicated on a child's intentional misrepresentation of her age.

¶ 12. Section 948.02(2) governs second-degree sexual assault of a child and provides that "[w]hoever has sexual contact or sexual intercourse with a person who has not attained the age of 16 years is guilty of a Class BC felony." The defendant and the State agree that the State must prove only two elements for a conviction: that the accused had sexual contact or intercourse with the victim, and that the victim was under the age of sixteen.[8] The defendant asserts, however, that a victim's intentional misrepresentation of her age is an affirmative defense to the crime.

¶ 13. The issue, then, is whether the statutes allow an affirmative defense predicated on the victim's intentional misrepresentation of his or her age.

¶ 14. Wisconsin Stat. § 939.23, governing criminal intent as an element for crimes, provides guidance in determining whether an accused's reasonable belief

---

deference due to the legislature. *See, e.g., Davis v. Grover*, 166 Wis. 2d 501, 564 n.13, 480 N.W.2d 460 (1992) (Abrahamson, J., dissenting); *Guzman v. St. Francis Hosp.*, 2001 WI App 21, ¶ 4 n.3, 240 Wis. 2d 559, 623 N.W.2d 776.

[8] Wis JI—Criminal 2104 (2002).

about a victim's age based on the victim's intentional misrepresentation is a defense.

¶ 15. Section 939.23 addresses criminal intent as an element of all crimes in chapters 939 to 951. When criminal intent is an element of a crime, the statute uses one of several words or phrases, such as "intentionally," "know," or "believe."[9] The sexual assault offense in the case at bar (§ 948.02(2)) does not contain any of the words or phrases denoting criminal intent.

¶ 16. Even if Wis. Stat. § 948.02(2) included a word of criminal intent like "intentionally" or "know," the State would not have to prove an accused's knowledge of the age of the minor. Section 939.23(6) expressly provides that criminal intent "does not require proof of knowledge of the age of a minor even though age is a material element in the crime in question."[10]

---

[9] Wisconsin Stat. § 939.23(1) provides as follows:

> When criminal intent is an element of a crime in chs. 939 to 951, such intent is indicated by the term "intentionally", the phrase "with intent to", the phrase "with intent that", or some form of the verbs "know" or "believe".

Wisconsin Stat. § 939.23(2) and (3) define the words "know" and "intentionally" in the criminal code as follows:

> (2) "Know" requires only that the actor believes that the specified fact exists.

> (3) "Intentionally" means that the actor either has a purpose to do the thing or cause the result specified, or is aware that his or her conduct is practically certain to cause that result. In addition, except as provided in sub. (6) [knowledge of the age of a minor], the actor must have knowledge of those facts which are necessary to make his or her conduct criminal and which are set forth after the word "intentionally."

[10] Wis. Stat. § 939.23(6).

¶ 17. Thus the sexual assault statute in the case at bar read in conjunction with Wis. Stat. § 939.23(6) does not require an actor to know the victim's age and does not set forth an actor's reasonable (but erroneous) belief about the victim's age as a defense.

¶ 18. An actor's ability to raise mistake regarding his belief about the age of a minor as a defense is explicitly negated in Wis. Stat. § 939.43(2). The general rule about mistake, set forth in § 939.43(1), is that "[a]n honest error, whether of fact or of law other than criminal law, is a defense if it negatives the existence of a state of mind essential to the crime."[11] The exception to this general rule applies here: "A mistake as to the age of a minor . . . is not a defense."[12]

¶ 19. The defendant acknowledges that Wis. Stat. §§ 948.02(2), 939.23, and 939.43(2) prohibit an actor from raising mistake about the age of the minor as a defense to the charge of sexual assault.[13] The defendant reasons that although these statutes prohibit the defense of mistake, they do not prohibit an actor from raising the affirmative defense of a victim's intentional misrepresentation about her age. The defendant distinguishes the defense of mistake from the defense of fraud. He asserts that he, as a victim of fraud, is not in the same position as an accused who is mistaken about the victim's age or who commits an honest error. The

---

[11] Wis. Stat. § 939.43(1).

[12] Wis. Stat. § 939.43(2).

[13] *See, e.g., Flores v. State,* 69 Wis. 2d 509, 511, 230 N.W.2d 637 (1975) (mistake as to age of minor is not a defense); *Hughes v. State,* 55 Wis. 2d 477, 481, 198 N.W.2d 348 (1972) (same); *Kelley v. State,* 51 Wis. 2d 641, 648, 187 N.W.2d 810 (1970) (same); *State v. Lentowski,* 212 Wis. 2d 849, 853–54, 569 N.W.2d 758 (Wis. Ct. App. 1997) (same).

defendant urges that he was not mistaken about the victim's age; he was defrauded by the victim.

¶ 20.   The defendant's affirmative defense of fraud is premised in part upon Wis. Stat. § 939.45, governing privilege as a defense to prosecution for a crime. The defendant relies on § 939.45(6), the "catch-all" provision of the privilege statute. The catch-all provision states that the defense of privilege can be claimed "[w]hen for any other reason the actor's conduct is privileged by the statutory or common law of this state." The defendant does not explain, however, upon what statute or common law rule he is relying under the catch-all privilege statute.

■

¶ 21.   The crux of the defendant's position is that this court should engraft an affirmative defense of fraud onto Wis. Stat. § 948.02(2) even though the text of the statutes renders an actor mistaken as to a child's age liable for the crime.[14] We are not persuaded that any reason exists for this court to perform such a task. We agree with the State that § 948.02(2) is a strict liability crime with regard to knowledge of the child's

[14] The defendant relies on *United States v. United States District Court*, 858 F.2d 534 (9th Cir. 1988), to support his position. In this federal case, the Ninth Circuit Court of Appeals engrafted a reasonable mistake of age defense onto a statute proscribing the production of materials depicting a minor engaged in sexually explicit conduct, reasoning that the First Amendment required a reasonable mistake of age defense and that congressional intent was to uphold the statute. The present case is not a First Amendment case, and it is not necessary for the court to read any language into these statutes to preserve their constitutionality.

age.[15] Numerous indicia point to the conclusion that no affirmative fraud defense is part of or should be read into § 948.02(2) and that the defendant's proposed affirmative defense is contrary to the policy adopted by the legislature.

¶ 22. First, an examination of Wis. Stat. § 948.02(2) in the broader context of chapter 948, Crimes Against Children, demonstrates that the legislature has, in certain statutes, created an affirmative defense of reasonable cause to believe that the child had attained the age of 18 years. See, for example, Wis. Stat. § 948.11(2)(c), pertaining to exhibition of harmful materials to a child, and § 948.05, pertaining to sexual exploitation of a child. Inclusion of this "reasonable cause to believe" affirmative defense in some child exploitation provisions in chapter 948 but not in others supports the conclusion that the legislature did not intend to include this affirmative defense in § 948.02(2).[16] Because the

---

[15] This court has frequently been asked to decide whether a statute creates a strict liability crime, that is, whether a statute includes intent (scienter) as an element of the crime when the statute does not explicitly refer to scienter. *See, e.g., State v. Danforth,* 129 Wis. 2d 187, 385 N.W.2d 125 (1986); *State v. Stanfield,* 105 Wis. 2d 553, 314 N.W.2d 339 (1982); *State v. Collova,* 79 Wis. 2d 473, 255 N.W.2d 581 (1977).

In making this determination a court considers the following factors: (1) the language of the statute; (2) the legislative history of the statute; (3) the seriousness of the penalty; (4) the purpose of the statute; and (5) the practical requirements of effective law enforcement. *State v. Stoehr,* 134 Wis. 2d 66, 76, 396 N.W.2d 177 (1986) (citing *Collova,* 79 Wis. 2d at 478–80; *Stanfield,* 105 Wis. 2d at 560–61).

[16] *State v. Polashek,* 2002 WI 74, ¶ 30, 253 Wis. 2d 527, 646 N.W.2d 330 (inclusion of mental state in one section tends to indicate a deliberate legislative choice to exclude a mental state from another section).

legislature did not expressly create the "reasonable cause to believe" defense in § 948.02(2), this court should not read it into the statute.

¶ 23.   Second, Legislative Council drafting documents of the 1950–1953 criminal code, since which time Wis. Stat. §§ 939.23 and 939.43(2) have remained essentially the same, are replete with evidence that the drafters intended to impose strict liability on an actor regardless of the actor's knowledge or belief about a child's age in child sexual assault cases.[17]

¶ 24.   Third, the purpose of Wis. Stat. § 948.02(2) is furthered by not engrafting onto the statute the affirmative defense proposed by the defendant. The statute is based on a policy determination by the legislature that persons under the age of sixteen are not competent to consent to sexual contact or sexual intercourse. The statute is intended to protect children. The state has a strong interest in the ethical and moral development of its children, and this state has a long tradition of honoring its obligation to protect its children from predators and from themselves.[18] The statutes are designed to impose the risk of criminal penalty on the adult, when the adult engages in sexual behavior with a minor.

¶ 25.   Fourth, engrafting the defendant's proposed defense onto the statute undermines the policy of protecting minors from sexual abuse and would raise practical law enforcement problems. Age is difficult to ascertain, and actors could often reasonably claim that

---

[17] *See Judiciary Committee Report on Criminal Code, Wisconsin Legislative Council Report,* vol. V, Bill No. 100A at 20, 21, 35 (1953).

[18] *State v. Fisher,* 211 Wis. 2d 665, 674, 565 N.W.2d 565 (Ct. App. 1997).

they believed their victims were adults.[19] The requirements of practical law enforcement support a conclusion that Wis. Stat. § 948.02(2) is a strict liability statute with regard to the age of the victim.

¶ 26. Fifth, the traditional approach, originally accepted in virtually every state and still accepted in many jurisdictions, is to impose strict liability regarding the age of the victim no matter how reasonable the defendant's belief that the victim was old enough to consent, and no matter that the belief is based on the victim's own representations.[20] The need for or desirability of providing a mistake or fraud defense regarding the age of the victim has been subject to debate.[21] Professor LaFave, to whom this court often turns for assistance, concludes that in more recent times the

[19] *See Judiciary Committee Report on the Criminal Code, Wisconsin Legislative Council Report*, vol. VII at 33 (1953).

[20] *See, e.g.*, 2 Wayne R. LaFave, *Substantive Criminal Law* § 17.4(c) at 650 (2d ed. 2003); Colin Campbell, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 46 A.L.R. 5th 499, 509-18 (1997 & Supp. 2004).

Several jurisdictions have, however, adopted a defense based on the reasonable belief of an accused about the age of the minor by judicial decision or statute. Campbell, 46 A.L.R. 5th at 518-20.

[21] *See, e.g.*, Larry W. Myers, *Reasonable Mistake as to Age: a Needed Defense to Statutory Rape*, 64 Mich. L. Rev. 105 (1965-66) (arguing that "the time has come for more liberal and realistic laws" that permit a reasonable mistake as to age defense to a charge of statutory rape); Catherine L. Carpenter, *On Statutory Rape, Strict Liability, and the Public Welfare Offense Model*, 53 Am. U.L. Rev 313 (2003) (urging reconsideration of the imposition of strict liability in statutory rape cases); Michelle Oberman, *Regulating Consensual Sex with Minors: Defining a Role for Statutory Rape*, 48 Buff. L. Rev. 703 (2000) (suggesting various revisions to statutory rape laws).

issue of such a defense has been recognized as "a policy matter that ought to be specifically addressed in the statutory definition of the crime."[22]

¶ 27. Historically, the penalty imposed under a statute has been a significant consideration in determining whether a statute should be construed as dispensing with mens rea.[23] Criminal liability without criminal intent almost always has involved statutes that impose only fines or short jail sentences.[24] Indeed, some courts have justified the imposition of criminal liability without requiring proof of scienter in part because the offenses did not bear the same punishments as "infamous crimes"[25] and questioned whether imprisonment was compatible with the reduced culpability required for such regulatory offenses.[26]

¶ 28. The severe penalties for violation of Wis. Stat. § 948.02(2) stand in sharp contrast to the less severe penalties at issue in other strict liability offenses. The maximum penalty for a conviction under Wis. Stat. § 948.02(2) is a $10,000 fine or 30 years imprisonment or both.[27] In addition to these penalties, an individual convicted of violating § 948.02(2) is sub-

---

[22] 2 LaFave, *supra* note 20, § 17.4(c) at 650.

[23] *See, e.g., United States v. X-Citement Video, Inc.,* 513 U.S. 64, 71 (1994); *Staples v. United States,* 511 U.S. 600, 616 (1994).

[24] *See Staples,* 511 U.S. at 616.

[25] *See Staples,* 511 U.S. at 617 (citing *Tenement House Dep't v. McDevitt,* 109 N.E. 88, 90 (N.Y. Ct. App. 1915)).

[26] *See Staples,* 511 U.S. at 617 (citing *People ex rel. Price v. Sheffield Farms-Slawson-Decker Co.,* 121 N.E. 474, 477 (N.Y. Ct. App. 1918)).

[27] Effective February 1, 2003, the offense became a Class C felony with a penalty of a fine not to exceed $100,000 or imprisonment not to exceed 40 years or both. Wis. Stat. § 939.50(3)(c) (2001–02).

ject to registration as a sex offender, including annual registration requirements.[28] The offender is subject to the provisions of Wis. Stat. ch. 980 governing commitments of sexually violent persons. As a felon, the individual would also lose his or her right to possess a firearm,[29] to hold an office of public trust,[30] and to vote.[31]

¶ 29. The severe penalties for violation of Wis. Stat. § 948.02(2) support an inference that the legislature did not intend to impose strict liability regarding knowledge of the age of the victim. Yet this inference drawn from the severe penalties is outweighed by the other factors we have set forth.

■

¶ 30. On the basis of the text of Wis. Stat. § 948.02(2) read in conjunction with §§ 939.23 and 939.43(2), the history and purpose of the statutes, and the practical requirements of law enforcement, and despite the severe penalties imposed, we conclude that no intentional misrepresentation defense exists in a prosecution under Wis. Stat. § 948.02(2). We decline the defendant's invitation to engraft an affirmative defense for fraud onto § 948.02(2).

■

¶ 31. Accordingly, we further conclude that the circuit court erred in ruling to admit the evidence the defendant proffered. If an accused's reasonable belief about the victim's age, based on the victim's intentional misrepresentation, is not a defense, then neither evi-

---

[28] *See* Wis. Stat. § 301.45.

[29] *See* Wis. Stat. § 941.29.

[30] *See* Wis. Const. Art. XIII, § 3(2).

[31] *See* Wis. Const. Art. III, § 2(4)(a). For restoration of civil rights, see Wis. Stat. § 304.078.

dence regarding the defendant's belief about the victim's age nor evidence regarding the cause of or reasonableness of that belief is relevant.[32] Therefore, evidence of the defendant's belief about the victim's age or the victim's intentional misrepresentation of her age is inadmissible in the guilt-determination phase of a criminal proceeding to support the defendant's asserted affirmative fraud defense to the crime.

## IV

¶ 32.   We turn to the second issue:   If an accused is not allowed an affirmative defense that his reasonable belief about the victim's age was caused by her intentional misrepresentation of her age, do Wis. Stat. §§ 948.02(2), 939.23, and 939.43(2) deny an accused his constitutional rights under the Fourteenth Amendment to the United States Constitution?[33] We conclude that the statutes do not violate the defendant's constitutional rights.

¶ 33.   The defendant argues that these statutes are unconstitutional on the following due process grounds:   The statutes are vague, they are overbroad, and they violate the defendant's right to substantive due process.

---

[32] Wisconsin's rules of evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Wis. Stat. § 904.01. Except as provided by law, relevant evidence is generally admissible; evidence that is not relevant is inadmissible. Wis. Stat. § 904.02.

[33] Although the briefs refer to Article I, § 8 of the state constitution, no state constitutional argument separate from a federal constitutional argument is made and we therefore do not address the state constitutional issue.

¶ 34. The defendant's argument on vagueness is that without the fraud defense no actor knows with certainty when he commits the crime of sexual assault of a child. The defendant does not argue that he was unaware of the illegality of engaging in sexual intercourse with a 15–year-old. Rather, he argues that an actor of normal intelligence does not know that his conduct with a particular individual is forbidden because of the difficulty of ascertaining the age of the individual. The defendant asserts that unless he can introduce evidence of a reasonable mistake as to the age of the victim, caused by the victim's intentional misrepresentation of age, the statute is unconstitutionally vague.

¶ 35. In examining a legislative act for vagueness, we must determine whether the statute is sufficiently definite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties and to apprise judges and juries of standards for the determination of guilt.[34]

¶ 36. Upon reading Wis. Stat. § 948.02(2), we conclude that the statute is clear and precise. The prohib-

---

[34] *See, e.g., United States v. Lanier,* 520 U.S. 259, 267 (1997); *Baumann,* 162 Wis. 2d at 676–77 (citing *State v. Zwicker,* 41 Wis. 2d 497, 507, 164 N.W. 2d 512 (1969), citing *Landry v. Daley,* 280 F. Supp. 938 (N.D. Ill. 1968)).

The due process clause of the Fourteenth Amendment requires that a criminal statute be declared void when it is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391 (1926).

For a discussion of the void-for-vagueness doctrine, see 1 LaFave, *supra* note 20, § 2.3.

ited conduct is engaging in sexual intercourse with a child under the age of 16 years. The text is not rendered vague by the difficulties that might attach to an actor's attempt to ascertain whether the person is at least 16 years old. We are not persuaded that Wis. Stat. § 948.02(2) is unconstitutionally vague.

¶ 37. The defendant's next argument is that his right to intimate association is protected by the due process clause of the Fourteenth Amendment and that Wis. Stat. § 948.02(2) is unconstitutionally overbroad and violates substantive due process. The overbreadth and substantive due process challenges overlap, and we shall treat them together.

¶ 38. The defendant contends that the statute is overbroad and violates substantive due process because its language is so sweeping that its sanctions may be applied to conduct that the state is not permitted to regulate.[35]

¶ 39. The defendant concedes that the government has a significant interest in protecting children and regulating sexual contact between minors and adults and agrees with the court of appeals decision in *State v. Fisher* that the state's significant interests in protecting children trumped Fisher's right to a privacy interest in having sexual intercourse with another person.[36]

¶ 40. The defendant argues, however, that because Wis. Stat. § 948.02(2) does not allow a defense based on the victim's intentional misrepresentation about her age, the statutes impermissibly chill his exercise of his legitimate prerogative to have sex with

---

[35] *City of Milwaukee v. Wilson*, 96 Wis. 2d 11, 19, 291 N.W.2d 452 (1980).

[36] *Fisher*, 211 Wis. 2d at 674–75.

young women who are of the age of consent. The defendant argues that the circumstances in this case, that is, the victim's intentional misrepresentation, provide a very narrow and necessary exception to the criminalization of sexual contact between minors and adults.

¶ 41. The crux of the defendant's constitutional argument is that he is being held criminally liable for a felony with severe penalties when, if given the opportunity, he could prove himself morally blameless. He is morally blameless, he asserts, because he was fraudulently induced by the minor to have a reasonable belief that she was of age.[37]

¶ 42. Substantive due process protects citizens against arbitrary or wrongful state actions, regardless

---

[37] Professor Packer commented on the inappropriateness of the criminal sanction in the absence of scienter as follows:

> [To] punish conduct without reference to the actor's state of mind is both inefficacious and unjust. It is inefficacious because conduct unaccompanied by an awareness of the factors making it criminal does not mark the actor as one who needs to be subjected to punishment in order to deter him or others from behaving similarly in the future, nor does it single him out as a socially dangerous individual who needs to be incapacitated or reformed. It is unjust because the actor is subjected to the stigma of a criminal conviction without being morally blameworthy. Consequently, on either a preventive or retributive theory of criminal punishment, the criminal sanction is inappropriate in the absence of *mens rea.*

Packer, *Mens Rea and the Supreme Court,* 1962 Sup. Ct. Rev. 107, 109. *See also Model Penal Code* § 2.05 comment (Official Draft & Revised Comments 1985).

of the fairness of the procedures used to implement them.[38]

¶ 43.   It is a fundamental principle of law that an actor should not be convicted of a crime if he had no reason to believe that the act he committed was a crime or that it was wrongful. An intent requirement was the general rule at common law.[39] The absence of a mens rea requirement in a criminal statute is a significant departure from longstanding principles of criminal law.

¶ 44.   Nevertheless, strict liability crimes, that is, crimes defined without any culpable state of mind, are known at law. In general, when strict liability is imposed, the actor is deemed to have had sufficient notice concerning the risk of penal sanction inherent in the proscribed activity that it is not unjust to impose criminal liability without the necessity of proving moral culpability.[40] "[T]he existence and content of the criminal prohibition in these cases are not hidden; the defendant is warned to steer well clear of the core of the

---

[38] *Thorp v. Town of Lebanon,* 2000 WI 60, ¶ 45, 235 Wis. 2d 610, 612 N.W.2d 59 (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998)).

For a discussion of substantive due process, see 1 LaFave, *supra* note 20, § 3.3.

[39] *Morissette v. United States,* 342 U.S. 246, 251 (1952).

[40] For example, courts have held that if an accused knowingly possessed a hand grenade, it is no defense to argue that the accused was not aware that the device in question was subject to regulation, but if accuseds owned firearms that are in technical violation of a regulation, they may avail themselves of a "mistake of fact" defense. *See Staples,* 511 U.S. at 610–11; *United States v. Freed,* 401 U.S. 601, 609 (1971).

offense (as in the statutory rape case)."[41] Adults are well aware of the strict liability aspect of statutory rape laws.[42]

¶ 45.  The legislature has broad powers to promote the public welfare and to create criminal offenses and impose punishment.[43] A state legislature is free to define a criminal offense and a state may bar consideration of a particular defense so long as the result does not offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."[44]

¶ 46.  The strict liability crime of statutory rape, in which the victim's apparent maturity is not a defense, is a recognized exception to the general rule requiring mens rea in criminal statutes.[45] Traditionally, according to the weight of authority, "mistake as to age" has not been a defense against the charge of statutory rape.[46] This rule is still followed in many jurisdictions.[47]

---

[41] *United States v. Wilson,* 159 F.3d 280, 296 (7th Cir. 1998) (Posner, C.J., dissenting).

[42] "Sixteen will get you twenty!" is a common exclamation expressing the widespread awareness of statutory rape laws and the strict liability aspect of the offense.

[43] *Pauly v. Keebler,* 175 Wis. 428, 439, 185 N.W. 554 (1921). The legislature's authority to define an offense includes the power to exclude the element of knowledge from its definition. *Lambert v. California,* 355 U.S. 225, 228 (1957).

[44] *Montana v. Egelhoff,* 518 U.S. 37, 43 (1996) (quoting *Patterson v. New York,* 432 U.S. 197, 201–02 (1977)).

[45] *Morissette,* 342 U.S. at 251 n.8. *See also X-Citement Video,* 513 U.S. at 72 n.2.

[46] *See, e.g.,* 2 LaFave, *supra* note 20, § 17.4(c) at 650; Campbell, *supra* note 20, at 508–09.

[47] Campbell, *supra* note 20, at 509.

¶ 47. Furthermore, strict liability regarding the age of the minor furthers the legitimate government interest in protecting children from sexual abuse by placing the risk of mistake on the adult actor.

¶ 48. The long history of statutory rape as a recognized exception to the requirement of criminal intent and the well accepted legislative purpose for omitting scienter undermine the defendant's argument that Wis. Stat. § 948.02(2) offends principles of justice deeply rooted in our traditions and conscience.[48]

¶ 49. We acknowledge that there has been movement away from strict liability for statutory rape in recent years.[49] Under the Model Penal Code, for example, the defense of mistaken belief should be available when the critical age is more than 10 years of age.[50] The theory is that the policies underpinning strict liability seem less compelling as the age of the minor

---

[48] *See United States v. Ransom,* 942 F.2d 775, 777 (10th Cir. 1991), *cert. denied,* 502 U.S. 1042 (1992); *Garrison v. Elo,* 156 F. Supp. 2d 815, 832 (E.D. Mich. 2001).

[49] A minority of states allow some form of a "belief about age" defense by judicial decision or by statute. *See, e.g., People v. Hernandez,* 393 P.2d 673 (Cal. 1964) (apparently the first case to allow the defense; ruling on lenity grounds).

Wisconsin has explicitly rejected the *Hernandez* case. *See Kelley,* 51 Wis. 2d at 649.

For a discussion of the jurisdictions that have allowed some form of the defense, see *Collins v. Mississippi,* 691 So. 2d 918, 923 (Miss. 1997); Campbell, *supra* note 20, *passim.* For a list of states that have revised their statutes to allow the defense, see *Model Penal Code and Commentaries* § 213.6(1) cmt. 2, n.10 (Official Draft & Revised Comments 1985).

[50] *Model Penal Code* § 213.6(1) (Official Draft & Revised Comments 1985).

increases; an accused who mistakenly but reasonably believes such a partner is above the critical age should have a defense because he "evidences no abnormality, no willingness to take advantage of immaturity, no propensity to corruption of minors."[51]

¶ 50.   Because the legislature's forbidding a reasonable mistake of age defense in statutory rape cases (whether the mistake is induced by intentional misrepresentation or otherwise) has a significant historical derivation and is widespread, and because of judicial deference to the legislature's discretion in the exercise of its police powers, we conclude it is not violative of due process for the state legislature to forbid a defense of fraud or reasonable mistake about the age of the victim.[52]

---

[51] *Model Penal Code* § 213.6, cmt. 2 at 415 (Official Draft & Revised Comments 1985).

Many of the cases upholding the constitutionality of statutory rape involve an adult's sexual contact with a much younger person than the crime described in Wis. Stat. § 948.02(2).

[52] For cases upholding the constitutionality of statutory rape as a strict liability offense, see, *e.g.*, *Ransom*, 942 F.2d at 776–77; *Nelson v. Moriarty*, 484 F.2d 1034, 1035–36 (1st Cir. 1973); *People v. Green*, 514 P.2d 769, 771 (Colo. 1973); *State v. Tague*, 310 N.W.2d 209, 212 (Iowa 1981); *Garnett v. State*, 632 A.2d 797, 803–05 (Md. 1993); *State v. Stokely*, 842 S.W.2d 77, 81 (Mo. 1992); *State v. Moore*, 253 A.2d 579, 581 (N.J. 1969); *Guinyard v. State*, 195 S.E.2d 392, 396 (S.C. 1973); *State v. Martinez*, 52 P.3d 1276, 1280–82 (Utah 2002).

For cases concluding that an accused has the right to proffer the defense, see, *e.g.*, *State v. Guest*, 583 P.2d 836, 838–39 (Alaska 1978) (due process requires that the defendant be allowed to introduce evidence regarding mistake as to age); *Perez v. State*, 803 P.2d 249, 250–51 (N.M. 1990) ("While a child under the age of thirteen requires the protection of strict

¶ 51.  In sum, we conclude that the plain language of Wis. Stat. § 948.02(2), read in conjunction with Wis. Stat. §§ 939.23 and 939.43, precludes a defense predicated on a child's intentional misrepresentation of her age. We also conclude that the statutes do not violate the defendant's rights under the Fourteenth Amendment to the United States Constitution. Accordingly, we reverse the order of the circuit court and remand the cause for further proceedings consistent with this decision.

*By the Court.*—The order of the circuit court is reversed and the cause is remanded to the circuit court.

liability, the same is not true of victims thirteen to sixteen years of age. We recognize the increased maturity and independence of today's teenagers and, while we do not hold that knowledge of the victim's age is an element of the offense, we do hold that under the facts of this case the defendant should have been allowed to present his defense of mistake of fact.").

Analysis of the constitutional issue is also found in dissenting opinions in cases in which the majority opinion upheld the constitutionality of a strict liability statutory rape statute. *See, e.g., State v. Silva,* 491 P.2d 1216 (Haw. 1971) (Levinson, J., dissenting) (arguing that fairness requires that the pertinent statute be construed as permitting the affirmative defense of reasonable mistake as to age); *Owens v. Maryland,* 724 A.2d 43 (Md. 1999) (Bell, C.J., dissenting) (arguing that due process requires that an accused be allowed an affirmative defense predicated on reasonable mistake about age); *Garnett v. State,* 632 A.2d 797 (Md. 1993) (Bell, C.J., dissenting) (same).