NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2012[*]
Decided March 13, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2550

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>BRUCE SONNENBERG,<br>*Defendant-Appellant*. | Appeal from the United States District<br>Court for the Western District<br>of Wisconsin<br><br>No. 3:08-cr-00159<br><br>James T. Moody,<br>*Judge*. |

**O R D E R**

This appeal is successive to our decision in *United States v. Sonnenberg*, 628 F.3d 361 (7th

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

Cir. 2010), which remanded Bruce Sonnenberg's case for resentencing on the crack cocaine charges without the career offender enhancement under the Sentencing Guidelines. On remand, the district court complied with our mandate and decided to reduce Sonnenberg's sentence from 292 months to 262 months. Sonnenberg has appealed the new sentence, but his appointed counsel has filed an *Anders* brief asserting that she sees no non-frivolous argument for appeal. See *Anders v. California*, 386 U.S. 738 (1967). Sonnenberg had an opportunity to respond under Circuit Rule 51, but he has not responded.

The *Anders* brief submitted by counsel shows careful attention to the record and to possible arguments that might be raised on appeal. The brief correctly concludes that Sonnenberg may not revisit issues that we decided against him in the first appeal, so the focus must be on the resentencing decision. The brief and record show that the district judge made no procedural errors. He considered the revised guideline calculation, recognized his discretion and responsibility under 18 U.S.C. § 3553(a), addressed arguments in mitigation, and imposed a sentence at the bottom of the revised guideline range, so that we would presume that the new sentence is reasonable. We agree that no non-frivolous argument could be made to challenge the new sentence. We **GRANT** counsel's motion to withdraw under *Anders*, and the appeal is **DISMISSED**. Attorney Bensky has the thanks of the court for her service to her client and the court.