**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR MARTIN RODRIGUEZ-CASTELLON, AKA Hector Martin Rodriguez, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 10-73239 <br><br> Agency No. A035-215-035 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
May 10, 2013—Pasadena, California

Filed October 22, 2013

Before: Diarmuid F. O'Scannlain, Richard A. Paez,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

## SUMMARY*

### Immigration

The panel denied Hector Martin Rodriguez-Castellon's petition for review from the Board of Immigration Appeals' decision finding him removable because his conviction under California Penal Code § 288(c)(1) constituted a crime of violence under 18 U.S.C. § 16(b).

The panel held that Rodriguez's conviction for lewd and lascivious acts upon a child is a categorical crime of violence and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). The panel held as an issue of first impression in this circuit that a violation of CPC § 288(c)(1), in the ordinary case, poses a substantial risk of the use of physical force under § 16(b).

### COUNSEL

K. Lee Hartzler, San Diego, California, for Petitioner.

Kohsei Ugumori (argued); Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Jennifer J. Keeney, Senior Litigation Counsel, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

IKUTA, Circuit Judge:

Hector Martin Rodriguez-Castellon, a native and citizen of Mexico and lawful permanent resident, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the finding that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii). We hold that because Rodriguez's state crime of conviction, California Penal Code section 288(c)(1), is a categorical crime of violence under 18 U.S.C. § 16(b), Rodriguez is an alien convicted of an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F). Therefore, we deny the petition.

I

In April 2005, Rodriguez (at that time, a 42-year-old man) was charged with seventeen counts of lewd and lascivious acts upon children during the period between 1992 and 1997, in violation of various provisions of the California Penal Code. As amended, Count 17 of the felony information alleged that Rodriguez had sexual intercourse with a 15-year-old girl in violation of section 288(c)(1).[1] Rodriguez pleaded

---

[1] Cal. Penal Code § 288(c)(1) states:

> Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year. In determining whether the person is at

nolo contendere to Count 17 on June 7, 2005 and received a six-year sentence.

In June 2009, the government served Rodriguez with a Notice to Appear, which alleged that based on his conviction under section 288(c)(1), he was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii), for being convicted of an "aggravated felony," as defined in both 8 U.S.C. § 1101(a)(43)(A) (sexual abuse of a minor) and 8 U.S.C. § 1101(a)(43)(F) (crime of violence). In addition, the government alleged that due to his section 288(c)(1) conviction, Rodriguez was removable under 8 U.S.C. § 1227(a)(2)(E)(i) for a crime of child abuse.

At a hearing before an immigration judge (IJ) on November 19, 2009, the IJ adopted the government's factual allegations and sustained all charges of removal. The IJ first determined that a violation of section 288(c)(1) constituted a crime of "sexual abuse of a minor" as defined in *United*

---

least 10 years older than the child, the difference in age shall be measured from the birth date of the person to the birth date of the child.

Cal. Penal Code § 288(a) provides, in turn:

(a) Except as provided in subdivision (i), any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

*States v. Medina-Villa*, 567 F.3d 507, 511–12 (9th Cir. 2009). Further, the IJ determined that a violation of section 288(c)(1) was also a "crime of violence" as defined in 8 U.S.C. § 1101(a)(43)(F), because the nature of the offense, "where the perpetrator, motivated by a desire for sexual arousal and in a superior physical position, engages in physical contact with the child victim at least ten years his junior" is such that it inherently involves "a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense." Finally, relying on the statutory definition of "child abuse" as meaning "the physical or mental injury, sexual abuse or exploitation, or negligent treatment of a child," 18 U.S.C. § 3509(a)(3), and the definition of "sexual abuse" as including the "employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct," 18 U.S.C. § 3509(a)(8), the IJ determined that a violation of section 288(c)(1) constituted a crime of child abuse.

Rodriguez appealed to the BIA primarily on the ground that the government had failed to properly certify the documents comprising his record of conviction. On October 20, 2010, the BIA dismissed the appeal. The BIA rejected Rodriguez's certification argument in a footnote, and focused instead on an unbriefed issue: whether a violation of section 288(c)(1) constituted a crime of "sexual abuse of a minor." Relying on the newly decided *United States v. Castro*, 607 F.3d 566 (9th Cir. 2010), in which we held that section 288(c)(1) was not categorically sexual abuse of a minor, the BIA concluded that the IJ erred in sustaining removability on that ground. Nevertheless, the BIA upheld the IJ's ruling on one of the alternative grounds, that section 288(c)(1) was a categorical crime of violence under 18 U.S.C. § 16(b). The BIA reasoned that "[w]henever an adult engages in a lewd

and lascivious act with a child at least 10 years younger, there is a substantial risk that the child will take exception and, as a result, cause the adult to use force to further effectuate the conduct or to act in self-defense."  The BIA did not consider the third basis for the IJ's determination, that Rodriguez committed a crime of child abuse.  Rodriguez timely filed this petition for review, appealing only the BIA's ruling that section 288(c)(1) was a categorical crime of violence under 18 U.S.C. § 16(b).

## II

We have jurisdiction over this appeal under 8 U.S.C. § 1252(d).  Although we lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony (among other offenses), 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over "constitutional claims or questions of law," 8 U.S.C. § 1252(d), which includes the question whether a state crime of conviction is an aggravated felony.  While we generally do not have jurisdiction to review unexhausted claims, we may review any issue addressed on the merits by the BIA, regardless whether it was raised to the BIA by the petitioner. *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005). Accordingly, we have jurisdiction to review the BIA's determination that Rodriguez's prior state conviction was a crime of violence, even though Rodriguez did not raise this question to the BIA.

We review questions of law de novo.  We generally defer to "the BIA's interpretation of the statutes and regulations it is charged with administering," *Fregozo v. Holder*, 576 F.3d 1030, 1034 (9th Cir. 2009), but do not defer to the BIA's interpretation of state or federal criminal statutes, because the

BIA does not administer such statutes or have any special expertise regarding their meaning. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126 n.7 (9th Cir. 2006) (en banc); *see also Fregozo*, 576 F.3d at 1034. Here, § 1101(a)(43)(F) provides that the term "crime of violence" has the definition set forth in 18 U.S.C. § 16,[2] which is a federal criminal statute. Accordingly, we do not defer to the BIA's interpretation of § 16.

### III

On appeal, Rodriguez argues that his conviction under section 288(c)(1) is not a conviction for a "crime of violence," under 18 U.S.C. § 16, and therefore is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). We begin by considering the relevant legal background.

### A

An alien "who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The government has the burden of

---

[2] 18 U.S.C. § 16 states in full:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

proving that a particular offense qualifies as an aggravated felony. *See Salazar-Luviano v. Mukasey*, 551 F.3d 857, 861 (9th Cir. 2008). The Immigration and Nationality Act (INA) defines "aggravated felony" to mean (among other things) "a crime of violence," as defined in 18 U.S.C. § 16, "for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

In order to determine whether a conviction under section 288(c)(1) qualifies as a crime of violence as defined in 18 U.S.C. § 16, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600–02 (1990). *See Nijhawan v. Holder*, 557 U.S. 29, 33–38 (2009) (applying the categorical approach in the context of immigration offenses). Under *Taylor*, we first "compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007). In identifying the elements of the statute of conviction, "we consider not only the language of the state statute, but also the interpretation of that language in judicial opinions." *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1054 (9th Cir. 2010) (internal quotation marks omitted). If the federal generic offense "is not a separate crime at common law but rather a classification of *other* crimes," such as crimes involving moral turpitude, or here, crimes of violence, "we must also compare the crime of conviction with crimes we have previously determined to" fall into that particular classification of crimes. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) (citing *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1075 (9th Cir. 2007) (en banc) (Reinhardt, J., concurring for the majority) (internal quotation marks and citations omitted), overruled on other grounds by *United*

*States v. Aguila-Montes de Oca*, 655 F.3d 915, 916 (9th Cir. 2011) (en banc)).[3]

Under this categorical approach, if the state statute of conviction criminalizes more conduct than the federal generic offense, then the state offense is not categorically included in the definition of the federal generic offense. *United States v. Velasquez-Bosque*, 601 F.3d 955, 958 (9th Cir. 2010). A state crime of conviction qualifies as a generic federal offense "if and only if the full range of conduct covered" by the state criminal statute is included in the relevant definition of the federal offense. *Barragan-Lopez v. Holder*, 705 F.3d 1112, 1115 (9th Cir. 2013) (quoting *Penuliar v. Mukasey*, 528 F.3d 603, 608 (9th Cir. 2008)). If the state statute is divisible, and the full range of conduct in the state statute is not included in the federal offense, we may use the modified categorical approach so long as one of the crimes included in the statute is a categorical match for the federal generic offense. *See Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013) (stating that "the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). Under the modified approach, we examine certain judicial records to determine whether the defendant was necessarily convicted of the elements of a crime listed in a divisible statute that is a federal generic offense. *Shepard v. United States*, 544 U.S. 13, 20 (2005).

---

[3] *Aguila-Montes de Oca* was subsequently abrogated by *Descamps v. United States*, 133 S. Ct. 2276 (2013).

B

In order to apply this categorical approach, we must first determine the elements or definition of the federal generic offense.    Under 18 U.S.C. § 16, the phrase "crime of violence" has two meanings.  First, under § 16(a), a state crime of conviction is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Because the statute does not define the term "physical force," we give the term its ordinary meaning, which in this context is "violent force" or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (interpreting the phrase "physical force" in the context of determining whether a state statute of conviction constitutes a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which is defined as a felony having "as an element the use . . . of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i)). Second, even if the state crime does not include one of the elements listed in § 16(a), it is a "crime of violence" under § 16(b) if it is: (i) a felony; and (ii) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  The Supreme Court has explained that § 16(b) criminalizes conduct that "naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004).

In determining whether a particular state crime presents a substantial risk of physical force for purposes of § 16(b), we must determine "whether the conduct covered by the crime presents the requisite risk of injury in the ordinary case."

*United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2012) (internal quotation marks omitted); *see also Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1128 (9th Cir. 2012) (holding that in determining whether a state crime presents a substantial risk that physical force may be used, "we inquire whether the conduct encompassed by the elements of the offense, in the ordinary case, presents such a risk" (quoting *James v. United States*, 550 U.S. 192, 208 (2007) (internal quotations omitted)); *Barragan-Lopez*, 705 F.3d at 1115 (same). Our inquiry is thus not directed to conduct "at the margins of the statute," *Delgado-Hernandez*, 697 F.3d at 1129, but rather to a "usual or ordinary" violation. *Ramos-Medina*, 706 F.3d at 938 (emphasis removed). Accordingly, we have held that a state crime may categorically be a crime of violence under § 16(b) even though it is possible to violate the state statute "without the use of any physical force." *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1179 (9th Cir. 2013) (holding that a statute prohibiting specified sexual abuse is the type of felony that, by its nature, creates a substantial risk of physical force, even though some violations may occur through use of psychological, rather than physical coercion); *see also United States v. Galvan-Rodriguez*, 169 F.3d 217, 219 (5th Cir. 1999) ("[W]hen analyzing the operative phrase 'substantial risk,' it is not necessary that the risk must occur in every instance; rather a substantial risk requires a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur.") (internal quotation marks and brackets omitted).

Further, a state crime may categorically be a crime of violence for purposes of § 16(b) even when a state court has, in some cases, construed the statute as requiring something less than violent force. Thus, in considering whether a

violation of section 207 of the California Penal Code (which prohibits a person from kidnapping another "forcibly, or by any other means of instilling fear") was a categorical crime of violence, we noted the California Supreme Court's ruling, in construing this section, that "'the only force required to kidnap an unresisting infant or child is the amount necessary to move the victim a substantial distance.'" *Delgado-Hernandez*, 697 F.3d at 1129 (quoting *In re Michele D.*, 29 Cal. 4th 600, 612 (2002)). The state court's ruling was later codified by the state legislature and added to section 207. *Id*. While acknowledging that "merely picking up and carrying away an infant, without any other conflict, does not entail a substantial risk of force as the term is used in § 16," we held that the state court's interpretation of section 207 "does not describe an ordinary case" of the offense conduct; "rather it merely sets a lower *limit* on the force required." *Id.* (emphasis in original). Because kidnapping presented a substantial risk of force in the ordinary case, we concluded that a violation of the state statute constituted a crime of violence for purposes of § 16(b). *Id.* at 1133.

In summary, in order for a state crime of conviction to constitute a "crime of violence" for purposes of § 16, it must either include as an element "the use, attempted use, or threatened use of physical force against the person or property of another," § 16(a), or be a felony which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," § 16(b). To determine whether a state crime of conviction "involves a substantial risk" of the use of force, we must determine whether the conduct covered by that crime raises a substantial risk of physical force "in the ordinary case," even though, at the margin, some violations of the state statute may not raise such a risk. In determining

whether a particular state crime meets this criteria, we may compare the state crime of conviction to other crimes that we or other courts have previously categorized as crimes of violence under § 16 or other statutes using a similar definition.[4]

### C

We now turn to the state crime of conviction, section 288(c)(1), and compare its elements with the federal definition of § 16.  Section 288(c)(1) criminalizes the following conduct: (1) willfully committing any lewd or lascivious act; (2) upon or with any part of the body of a child

---

[4] Federal law provides a range of definitions for the term "crime of violence."  Some definitions incorporate elements of both §§ 16(a) and 16(b).  *See, e.g.*, U.S.S.G. § 4B1.2(a) (defining a crime of violence as a crime punishable by more than a year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"); 18 U.S.C. § 924(e)(2)(B)(ii) (giving the term "violent felony" the same definition as "crime of violence" in § 4B1.2(a)(2)).  In other cases, the federal definition is more similar to the definition of "crime of violence" in § 16(a), rather than to that in § 16(b). *See* U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (defining a "crime of violence" as one of a number of listed offenses, including sexual abuse of a minor, statutory rape, or any other offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another.").  Because "[w]hat may be a predicate offense under one approach [to defining 'crime of violence'] is not necessarily a predicate offense under another approach," *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1113 (9th Cir. 2011), we must use caution in relying on cases construing other federal definitions of "crime of violence."

who is 14 or 15 years old; (3) with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child; (4) when the defendant is at least ten years older than the child. *Castro*, 607 F.3d at 568.

Section 288(c)(1) is not categorically a crime of violence as defined in § 16(a), because it does not include as an element "the use, attempted use, or threatened use of physical force against the person or property of another." § 16(a). We turn then to the question whether section 288(c)(1) is categorically a crime of violence as defined in § 16(b). There is no dispute that a violation of section 288(c)(1) is a felony under California law, *Castro*, 607 F.3d at 567, and so we must determine, as an issue of first impression in this circuit, whether a violation of section 288(c)(1), in the ordinary case, poses a substantial risk of the use of physical force under § 16(b).

To characterize an ordinary case "in the absence of detailed statistical information that is unlikely to be available," *United States v. Sonnenberg*, 628 F.3d 361, 366 (7th Cir. 2010), "the best we can do is use common sense and experience," *id.*, and look to persuasive authority from other courts that have considered whether similar statutes qualify as crimes of violence for purposes of § 16(b), as we do in cases analyzing crimes involving moral turpitude. *See Cerezo*, 512 F.3d at 1166; *see also Delgado-Hernandez*, 697 F.3d at 1129–30 (looking to California cases and out-of-circuit authority to evaluate whether attempted kidnapping was a categorical crime of violence under § 16(b)); *Prakash v. Holder*, 579 F.3d 1033, 1036 (9th Cir. 2009) (adopting the reasoning of a Third Circuit case in deciding whether solicitation to commit murder was a crime of violence under § 16(b)). Based on such a review, set out in detail below, we

conclude that the weight of authority supports the conclusion that the sort of sexual conduct described in section 288(c)(1) raises a substantial risk that an adult may use physical force against the 14- or 15-year-old child in the ordinary case.

Although we have not yet considered whether section 288(c)(1) or another state statute criminalizing sexual conduct by an older adult with children who are 14 or 15 years old constitutes a "crime of violence" as defined in § 16(b), other circuits considering this issue have generally concluded that such state crimes by their nature create a substantial risk of physical force. *See, e.g.*, *United States v. Austin*, 426 F.3d 1266, 1275 (10th Cir. 2005) (recognizing the "general consensus that sexual abuse in touching a minor inherently, or by its nature, constitutes a crime of violence [under § 16] because it involves a substantial risk of physical force"). The Eleventh Circuit's decision in *Ramsey v. I.N.S.*, 55 F.3d 580 (11th Cir. 1995), is directly on point. In *Ramsey*, a petitioner sought review of the BIA's determination that he was deportable because his state conviction for attempted lewd assault was a "crime of violence" for purposes of § 16(b), and therefore constituted an aggravated felony. The state crime of conviction provided that any person who "[h]andles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner . . . without committing the crime of sexual battery, commits a felony of the second degree." *Id.* at 583. The statute also provided that the victim's consent was not a defense to the crime. *Id.* While acknowledging that a violation of this statute could be committed "without the use of physical force," the court concluded that the offense was a felony "which involves a substantial risk that physical force may be used against the victim in the course of committing the offense." In reaching this conclusion, *Ramsey* relied on *United States v. Reyes-*

*Castro*, 13 F.3d 377 (10th Cir. 1993) and *United States v. Rodriguez*, 979 F.2d 138 (8th Cir. 1992). In *Reyes-Castro*, the Tenth Circuit held that a state crime of conviction (involving an adult touching the anus, buttocks, or genitalia of a female child younger than 14 years) poses a "substantial risk" of the use of physical force for purposes of § 16(b), because "when an older person attempts to sexually touch a child . . . there is always a substantial risk that physical force will be used to ensure the child's compliance." 13 F.3d at 379; *see also Rodriguez*, 979 F.2d at 141 (holding that a state statute making it unlawful for a person 18 or older to sexually touch a child or solicit a child to engage in a sex act (among other things) is inherently an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(2), which at that time defined "aggravated felony" as any crime of violence as defined in 18 U.S.C. § 16).[5]

*United States v. Velazquez-Overa*, 100 F.3d 418 (5th Cir. 1996), followed much the same reasoning. Here, the Fifth Circuit determined that a state statute making it a crime for an adult to "engage[] in sexual contact" "with a child younger than 17 years and not his spouse" was a "crime of violence" as defined in § 16(b), because the offense inherently involved a substantial risk that physical force may be used.[6] *Id.* at 421

---

[5] In 2001, the Sentencing Commission amended § 2L1.2 to eliminate the reference to § 16.

[6] Although the Fifth Circuit was considering this issue for purposes of sentencing enhancement under § 2L1.2, at the time of the opinion that guideline provision incorporated the definition of "crime of violence" in § 16(b).

n.3 (citing Tex. Penal Code § 21.11(a)(1)). The court reasoned that it was "obvious that such crimes typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures." *Id.* at 422. Because "[a] child has very few, if any, resources to deter the use of physical force by an adult intent on touching the child," the court concluded that "there is a significant likelihood that physical force may be used to perpetrate the crime." *Id.*

The Second Circuit reached a similar conclusion in *Costa v. Holder*, 611 F.3d 110 (2d Cir. 2010). In *Costa*, the court considered a state statute providing that "a person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than three years older than such other person." *Id.* at 114 n.3 (citing Conn. Gen. Stat. § 53a-71(a)). The Second Circuit determined that this offense was a "crime of violence" for purposes of § 16, citing the reasoning in *Rodriguez*. *See id.* at 115. Further, the court endorsed and applied the reasoning in *Reyes-Castro* that "when an older person attempts to sexually touch a child . . . there is *always* a substantial risk that physical force will be used to ensure the child's compliance." *Id.* at 116. The court explained that "the risk of the use of force is inherent in each of the offenses set forth in the statute," even though a defendant could be convicted of the state offense by engaging in "consensual sexual intercourse" without force. *Id.* at 115; *see also Chery v. Ashcroft*, 347 F.3d 404, 409 (2d Cir. 2003) (endorsing the reasoning in *Reyes-Castro*).

Courts have likewise determined that state crimes involving sexual contact between children and older adults give rise to a risk of force and were therefore crimes of violence for purposes of U.S.S.G. § 4B1.2, which requires a showing that the offense "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See United States v. Curtis*, 481 F.3d 836, 838–39 (D.C. Cir. 2007) (noting that it is "universally recognized" that sexual offenses against children are crimes of violence under U.S.S.G. § 4B1.2 "because of the substantial likelihood that the perpetrator will use physical force to ensure the child's compliance" with his demands).[7]  In *United States v. Pierce*, 278 F.3d 282, 289–90 (4th Cir. 2002), *abrogated in part by Begay v. United States*, 553 U.S. 137 (2008), for instance, the court considered whether a state statute described a crime of violence for purposes of U.S.S.G. § 4B1.2, which at the time simply required a court to analyze whether the state crime "otherwise involves conduct that presents a potential risk of physical injury to another."   The state statute at issue provided that it was a felony to "[w]illfully commit . . . any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age

---

[7] Although the definition of "crime of violence" in § 4B1.2 is different from that in § 16(b), courts have frequently relied on opinions analyzing U.S.S.G. § 4B1.2 in considering whether a state crime constitutes a "crime of violence" for purposes of § 16(b). *See, e.g.*, *Velazquez-Overa*, 100 F.3d at 421 n.4 (relying on our decision in *United States v. Wood*, 52 F.3d 272, 275 (9th Cir. 1995), construing U.S.S.G. § 4B1.2, as reinforcing the conclusion "that offenses involving physical sexual abuse of children are acts of violence" for purposes § 16(b), even though a "crime of violence" under § 4B1.2 "differs somewhat" from that in § 16); *see also United States v. Coronado-Cervantes*, 154 F.3d 1242, 1243 (10th Cir. 1998) (holding that a case construing U.S.S.G. § 4B1.2 provided persuasive authority for construing § 16(b)).

of 16 years" if the perpetrator was at least five years older than the child. *Id.* at 282 (citing N.C. Gen. Stat. § 14-202.1(a)). Although the state supreme court had defined the statute as not requiring any physical touching, the Fourth Circuit determined there was a risk of physical injury, because (among other reasons) "[w]hen a child is the victim of adult conduct, force can be inferred." *Id.* at 290. In reaching this conclusion, the Fourth Circuit asserted that it joined "every other circuit that has considered the question." *Id.* at 291 (citing cases); *see also United States v. Scudder*, 648 F.3d 630, 633–34 (8th Cir. 2011) (holding that fondling or touching a child between 12 and 16 is crime of violence for purposes of 18 U.S.C. § 924(e)(2)(B)(ii), which uses the same definition of the term as U.S.S.G. § 4B1.2). We have reached a similar conclusion in analyzing a state statute that criminalized sexual offenses involving younger children. *See United States v. Wood*, 52 F.3d 272, 275 (9th Cir. 1995) (holding that a statute involving sexual contact with children under 14 involved a "serious potential risk of physical injury" under the catch-all provision of U.S.S.G. § 4B1.2, because "the risk of violence is implicit in the size, age and authority position of the adult in dealing with a child").

These concerns are amplified where the perpetrator is significantly older than the victim. In *United States v. Alas-Castro*, 184 F.3d 812, 813 (8th Cir. 1999), for example, the Eighth Circuit concluded that a statute prohibiting adults over 19 from "subject[ing] another person fourteen years of age or younger to sexual contact" was a crime of violence as defined by § 16(b) because "this type of contact between parties of differing physical and emotional maturity carries a substantial risk that physical force . . . may be used in the course of committing the offense." (internal quotation marks omitted). When the state statute does not specify the perpetrator's age,

the analysis may be different. For instance, in *Xiong v. I.N.S.*, the Seventh Circuit considered a case involving an 18-year-old man who had been convicted of engaging in consensual sex with his 15-year-old girlfriend. 173 F.3d 601, 603, 607 (7th Cir. 1999). The court concluded that the state crime of conviction, which prohibited "sexual contact or sexual intercourse with a person who has not attained the age of 16 years," *id.* at 603, but did not specify the age of the perpetrator, was not a crime of violence for purposes of § 16(b), *id.* at 607. In reaching this conclusion, the court reasoned that "the conduct of which [the defendant] was convicted consisted of consensual sex between a boyfriend and his fifteen year old girlfriend," and therefore "[a]bsent a substantial age difference, this conduct did not, 'by its nature, involve a substantial *risk* of physical force.'" *Id.* (internal alterations omitted). The court's proviso suggests that when a "substantial age difference" between the perpetrator and the victim is an element of the state crime of conviction, the court would reach a different conclusion. *See id.* at 607.[8]

Our decision in *United States v. Pereira-Salmeron*, 337 F.3d 1148 (9th Cir. 2003), though not directly on point, is consistent with the reasoning of these circuits. *Pereira-Salmeron* considered whether a prior felony conviction under state law for "carnally know[ing], without the use of force, a child thirteen years of age or older but under fifteen years of age" constituted a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) of the Guidelines, which at that time

---

[8] Further, because the Seventh Circuit did not consider whether the conduct covered by the statute presents a risk of injury "in the ordinary case," but noted merely that the statute encompassed a statutory rape offense, *Xiong*, 173 F.3d at 605, its analysis is not directly applicable in our circuit.

included "forcible sex offenses (including sexual abuse of a minor)." *Id.* at 1150–51 (emphasis omitted).[9]  Even though the state crime "explicitly addresse[d] conduct undertaken 'without the use of force,'" *id.* at 1151 (citing Va. Code § 18.2-63), we concluded that "sexual contact with a minor inherently presents a risk of force sufficient to characterize such misconduct as a 'crime of violence' under the Sentencing Guidelines." *Id.* at 1153–54.  In so holding, we quoted with approval the Fifth Circuit's explanation that because sexual offenses involving minors "typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures . . . .  In such circumstances, there is a significant likelihood that physical force may be used to perpetrate the crime."  *Id.* (quoting *Velazquez-Overa*, 100 F.3d at 418).  Accordingly, we concluded that because "sexual contact with a minor

---

[9] The Sentencing Guidelines defined "crime of violence" in the Application Notes to § 2L1.2, which at the time provided:

> Crime of violence-
>
> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of force against the person of another; and
>
> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii) (2002).

inherently presents a risk of force," a state crime prohibiting a "sexual offense against a minor may constitute a crime of violence for sentencing purposes even though an element of force—actual, attempted, or threatened—is not required." *Id.* at 1153. Although *Pereira-Salmeron* considered a state crime protecting 14-year-olds, while section 288(c)(1) protects 14- and 15-year-olds, we find this reasoning equally applicable to children who are 15 years of age.

Our review thus indicates that courts have generally classified state crimes analogous to section 288(c)(1) as crimes that present "a substantial risk that physical force will be used to ensure the child's compliance." *Velazquez-Overa*, 100 F.3d at 422. These cases emphasize that older adults may impose unwanted sexual contact on children by taking advantage of their lesser size, strength, and maturity. Under this reasoning, section 288(c)(1) raises the substantial risk that a much older perpetrator (age 24 or 25 years) will use force to commit sexual acts "upon or with the body" of a child (age 14 or 15 years) if the child does not comply with the adult's demands. We agree with this reasoning, and therefore conclude that section 288(c)(1) is a felony that raises a substantial risk of the use of force in the ordinary case.

D

Rodriguez contends that this conclusion is erroneous for two reasons. First, he asserts that section 288(c)(1) is not analogous to the state crimes of conviction considered above, because it may be violated by consensual conduct. Rodriguez relies on *Valencia v. Gonzales*, 439 F.3d 1046 (9th Cir. 2006), where we held that a California statute criminalizing "an act of unlawful sexual intercourse with a minor [i.e., a

person under 18 years of age] who is more than three years younger than the perpetrator," *id.* at 1049, did not constitute a crime of violence under § 16(b) because it could involve "consensual sexual intercourse with a minor between the ages of seventeen and eighteen," *id.* at 1051.

*Valencia* is not on point here for several reasons. The state crime of conviction in *Valencia*, California Penal Code section 261.5(c), criminalizes "statutory rape" situations that can involve minors "one day shy of eighteen," *id.* at 1052, engaging in consensual sexual conduct with adults who are only three years older. We have previously stated that the risks associated with sexual acts committed with older adolescents are different from those associated with adolescents between 14 and 16 years old. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1154 (9th Cir. 2008) (en banc) ("We and our sister circuits have been careful on other occasions to distinguish laws governing the sexual behavior of younger teenagers from those governing the behavior of 16- and 17-year-olds" and acknowledging "a significant difference between sexual relations with someone under 16 and sexual relations with someone between the ages of 16 and 18"), overruled on other grounds by *Aguila-Montes de Oca*, 655 F.3d at 928.[10] We have not extended *Valencia*'s logic to 14- or 15-year-olds.

Despite this key distinction, Rodriguez asserts that we are bound to extend the reasoning in *Valencia* to 14- and 15-year-olds given our decision in *United States v. Castro*. We disagree. In *Castro*, we held that a violation of section 288(c)(1) did not constitute the federal generic offense of "sexual abuse of a minor" because "sexual conduct with a 15-

---

[10] *See supra* note 3.

year-old child is not per se abusive." 607 F.3d at 569. In applying the categorical approach in this context, we look to state cases construing the statute at issue and consider whether the statute can be violated by conduct that is not "sexual," or does not constitute "abuse." *See id.* at 568–69; *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (holding that a court must find a "realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of a crime" in order to find that a "state statute creates a crime outside the generic definition of a listed crime in a federal statute."). In *United States v. Baza-Martinez*, for instance, we held that a state statute prohibiting "indecent liberties" with a child under 16 was not categorically "sexual abuse of a minor" for purposes of U.S.S.G. § 2L1.2(b)(1)(A) because at least some of the conduct proscribed by the statute did not constitute abuse. 464 F.3d 1010, 1017 (9th Cir. 2006). In reaching this conclusion, we relied on a state case holding that an adult who filmed a minor undressing without her knowledge violated the statute, even though the minor did not know about the film until after she was 21, and therefore "was not psychologically harmed until she was no longer a minor." *Id.* But this framework for determining whether a state crime is categorically "sexual abuse of a minor" does not guide our analysis of whether a state crime poses a substantial risk of physical force. In this latter context, our task is to decide whether such a risk is present in the ordinary case, even if there may be situations, on the margin, where no risk is present because of the child's consent. *See Ramos-Medina*, 706 F.3d at 938. Said otherwise, a court considering whether a state statute meets the definition of "sexual abuse of a minor" must consider cases "at the margins of the statute," but a court performing an analysis of "substantial risk" under § 16(b) may not do so. *Delgado-Hernandez*, 697 F.3d at

1129. Therefore, *Castro* does not answer the fundamental question here, which is whether, in the ordinary case, sexual conduct by a 24- or 25-year-old adult with a 14- or 15-year-old child poses a substantial risk of force.

Rodriguez's argument that *Valencia* controls our analysis here also neglects an important element of section 288(c)(1): the perpetrator must be at least 10 years older than the victim. The statute at issue in *Valencia*, by contrast, involved only a three-year age difference, indicating that the statute was intended to cover consensual "statutory rape" crimes, which are distinct from those crimes covered by section 288(c)(1). *See Valencia*, 439 F.3d at 1053. Indeed, California courts have noted that the state legislature included a ten-year age difference between the perpetrator and the victim in section 288(c)(1) precisely to avoid prosecutions for "sexual conduct short of intercourse between consenting teenagers," and to aim only at "protect[ing] 14[-] and 15-year-olds from predatory older adults." *People v. Paz*, 80 Cal. App. 4th 293, 296–97 (2000). Because older adults may use their position of authority or physical superiority to compel younger adolescents to engage in unwanted sexual conduct, there is a far greater risk of force when an adult more than ten years older preys on a 14- or 15-year-old than when a young adolescent engages in sexual conduct with someone just a few years older. *See Valencia*, 439 F.3d at 1051 (suggesting that the physical and emotional disparities between a younger child and an older adult may raise different concerns than those associated with a statutory rape case involving parties closer in age); *see also United States v. Cadieux*, 500 F.3d 37, 47 (1st Cir. 2007) (noting that the defendant was in his mid-

twenties when he assaulted a 14-year-old, and that "[t]his chronological age gap falls squarely within the sexual touching caselaw holding that age differences of this magnitude necessarily create a serious potential risk of physical injury to another").

Second, Rodriguez argues that because California courts have held that section 288(c)(1) may be violated without any physical contact between the perpetrator and the victim, the statute does not categorically pose a substantial risk of physical force. In making this argument, Rodriguez points to the California cases which have held that a violation of section 288(a) or (c)(1) could occur when the defendant, with the requisite sexual intent, orders the victim to engage in sexual touching of the victim's own body. *See, e.g.*, *People v. Mickle*, 54 Cal. 3d 140, 176 (1991) (acknowledging that section 288 may be violated where defendant instructed victim to disrobe); *People v. Austin*, 111 Cal. App. 3d 110, 114 (1980) (holding that there must be touching to violate section 288, but it could be done by the child victim "on its own person providing such touching was at the instigation of a person who had the required specific intent") (initial capitals omitted).[11]

---

[11] Rodriguez also cites *People v. Crabtree*, 169 Cal. App. 4th 1293 (2009), which upheld a conviction under section 288(c)(1) of a defendant who had engaged in sexually explicit internet chat with a child under 15 years old. But the relevant question in that case was simply whether the victim was younger than 16; the court did not address whether such conduct was sufficient to violate the statute. *Id.* at 1323–24.

In our view, these cases are "at the margin" of violations of section 288, and merely set the "lower *limit*" as to the type of contact required; they tell us little about whether the sort of sexual conduct proscribed by section 288(c)(1) inherently poses a substantial risk of force in an ordinary case.[12]  *See Delgado-Hernandez*, 697 F.3d at 1129 (concluding that kidnapping in violation of section 207 of the California Penal Code was a crime of violence for purposes of § 16(b), even though the state court had held the statute could be violated by merely moving an unresisting infant).  Although we have not undertaken an empirical analysis, our "common sense and experience," *Sonnenberg*, 628 F.3d at 366, and our review of authority from other courts, leads to the conclusion that a violation of section 288(c)(1) in the ordinary case (as described in many California opinions) involves the sort of

---

[12] Indeed, a number of courts have indicated that sexual encounters between adults and children frequently escalate to more severe offenses even when the adult does not initially touch the child.  As the Eleventh Circuit stated in *United States v. Searcy*, 418 F.3d 1193 (11th Cir. 2005), an adult's attempt to entice a minor to engage in sexual activity always "presents the possibility of an encounter that could result in 'a serious risk of physical injury'" or a serious risk of physical force.  *See id*. at 1197; *see also People v. Memro*, 11 Cal. 4th 786, 871–72 (1995) (defendant brought 7-year-old victim to his apartment, either forcibly disrobed him or instructed him to disrobe, then sodomized and strangled him); *Mickle*, 54 Cal. 3d at 175–76 (defendant instructed child to disrobe then forcibly raped and murdered her).

conduct that raises a substantial risk of force.[13]  Accordingly, we reject Rodriguez's arguments to the contrary.

IV

In light of our review, we conclude that section 288(c)(1) is a felony that raises a substantial risk of physical force in the ordinary case.  Accordingly, Rodriguez's state crime of conviction constitutes a categorical "crime of violence," for purposes of § 16(b).  As such, it is an "aggravated felony" for purposes of § 1101(a)(43)(F), and the BIA did not err in upholding this basis for removal.

**PETITION DENIED.**

---

[13] *See, e.g.*, *People v. Martinez*, 11 Cal. 4th 434, 444 (1995) (explaining that "throughout [section 288's] history, the cases have made clear that a 'touching' of the victim is required, and that sexual gratification must be presently intended at the time such 'touching' occurs," though the ultimate form of the touching is immaterial); *People v. Ortega*, —Cal. Rptr. 3d—, 2013 WL 4447554, *1 (Ct. App. 2013) (upholding conviction of an adult under section 288(c)(1) where the adult sexually molested his 15-year-old daughter by touching her breasts and vagina while she was asleep); *People v. Tompkins*, 185 Cal. App. 4th 1253, 1257 (2010) (upholding conviction of an adult under section 288(c)(1) for sexually molesting a 14-year-old girl by slapping or touching her breasts on multiple occasions); *People v. Cavallaro*, 178 Cal. App. 4th 103, 106–07 (2009) (upholding conviction of a 27-year-old defendant under section 288(c)(1) for sexually molesting two girls, age 14 and 15, by rubbing their breasts, buttocks, thighs and vagina, among other things, despite their resistance); *People v. Lopez*, 42 Cal. 4th 960, 963–65 (2008) (upholding conviction of adult under section 288(c)(1) for sexually molesting a 14- or 15-year-old child by "once touching his penis, twice masturbating him, and once orally copulating him"); *People v. Mejia*, 155 Cal. App. 4th 86, 90, 101 (2007) (upholding conviction of adult under section 288(c)(1) for sexually molesting a 14-year-old girl by touching her vagina over her clothes though she "tried to push him off").