**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FNU YUNITA, | No. 08-75093 |
| Petitioner, | Agency No. A099-960-766 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, District
Judge.[**]

Considering the totality of the circumstances, the agency's adverse

credibility finding is not supported by substantial evidence in the record. *See* 8

U.S.C. § 1158(b)(1)(B)(iii). First, Yunita offered a plausible explanation for why

she listed her residence as "Jakarta" on her asylum application but stated she lived

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Wiley Y. Daniel, Senior United States District Judge for
the District of Colorado, sitting by designation.

in "Bekasi" (a suburb) in her accompanying declaration, an explanation the IJ should have credited in weighing her credibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("[I]n evaluating inconsistencies, the relevant circumstances that an IJ should consider include the petitioner's explanation for a perceived inconsistency, and other record evidence that sheds light on whether there is in fact an inconsistency at all." (citation omitted)). The IJ's contrary finding in this regard, adopted by the BIA, is not supported by substantial evidence.[1]

Second, the record does not support the IJ's conclusions about Yunita's ethnicity or her explanations of the documents she introduced to prove her ethnicity. Yunita consistently testified that she is of Chinese ethnicity through her mother, and her testimony is supported by the documents she produced. Yunita offered a document entitled "Civil Registry for Chinese Ethnic in Ketapang," which she testified concerned the birth of her mother. The IJ found that the name on the Civil Registry document did not match Yunita's mother's name on the family card, but the IJ appeared to be referring to Yunita's *grandmother's* name on the Civil Registry document, not Yunita's mother's name. The IJ's

_____

[1] Although petitioner did not challenge this finding in her brief to the BIA, the BIA relied on this finding in its decision, giving us jurisdiction to review it. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013).

misunderstanding of this key document does not support an adverse credibility finding, and Yunita otherwise credibly testified about her Chinese ethnicity.

Third, Yunita's failure to further corroborate her place of residence and ethnicity does not support the adverse credibility determination, because Yunita was neither put on notice that "[s]he needed to produce the corroborative evidence identified by the IJ in her oral decision" nor given the opportunity to explain why such evidence was unavailable. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1094 (9th Cir. 2014). The IJ warned Yunita at a status conference that corroborating documents could be required under the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). The IJ then asked Yunita at the merits hearing why she failed to bring documentation about her schooling and additional documentation concerning her ethnicity when she came to the United States. The IJ, however, did not ask Yunita whether she could produce such corroborating evidence or explain why such evidence was unavailable. *See Ren v. Holder*, 648 F.3d 1079, 1090-92 (9th Cir. 2011). Yunita's failure to produce the corroborating evidence identified

by the IJ in her oral decision therefore does not support the adverse credibility determination. *See Zhi*, 751 F.3d at 1095.[2]

For all of these reasons, the BIA and IJ erred in arriving at their adverse credibility determination. We therefore grant Yunita's petition and remand for further proceedings. If the agency determines that additional corroborating evidence is required, then Yunita must be given an opportunity to obtain such evidence or to explain why it is not reasonably obtainable.

**PETITION GRANTED AND REMANDED**.

---

[2] The IJ provided additional reasons for the adverse credibility finding that were not adopted by the BIA. We do not review those parts of the IJ's decision. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

4