**NOT FOR PUBLICATION**

# FILED

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO BECERRIL-GUADARRAMA, | No.  14-74030 |
| Petitioner, | Agency No. A077-271-900 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2016**
San Francisco, California
Submission Vacated and Deferred
October 20, 2016
Resubmitted for Decision June 18, 2018

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Before:     TASHIMA and M. SMITH, Circuit Judges, and KORMAN,***
            District Judge.

Guillermo Becerril-Guadarrama petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of removal.  The BIA determined that Becerril-Guadarrama's conviction for felony coercion under Nevada Revised Statute § 207.190(2)(a)[1] was categorically a crime of violence under 18 U.S.C. § 16(a).[2]  Therefore, the BIA concluded that Becerril-Guadarrama had an aggravated felony conviction that rendered him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[3]

This Court recently held that Nevada felony coercion is not categorically a "crime of violence" under the United States Sentencing Guidelines.  *See United States v. Edling*, __ F.3d __, No. 16-10457, 2018 WL 2752208, at *6 (9th Cir. June

---

[***]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

[1]     The BIA concluded that Nevada's coercion statute was divisible into misdemeanor and felony offenses, and that Becerril-Guadarrama's "judgment of conviction clearly specifie[d] that he was convicted of felony coercion."

[2]     The BIA also concluded that Nevada felony coercion was a crime of violence under 18 U.S.C. § 16(b), but the Supreme Court has since held that § 16(b) is unconstitutionally vague.  *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

[3]     The Immigration and Nationality Act defines "aggravated felony" to include any "crime of violence . . . for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(F).

8, 2018).  The *Edling* court explained that the "physical force" element of the Nevada statute proscribes more behavior than the "violent force" necessary to satisfy the "physical force" standard set forth in *Johnson v. United States*, 559 U.S. 133, 140 (2010).  *Edling*, 2018 WL 2752208, at *5.  *Johnson*'s standard for "physical force" also applies to the crime of violence definition in 18 U.S.C. § 16(a).  *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853–54 (9th Cir. 2013).  Hence, because the Nevada felony coercion statute criminalizes more conduct than the generic federal offense, Becerril-Guadarrama's conviction does not categorically constitute a crime of violence.  We therefore **GRANT** the petition for review and **VACATE** the order of removal.

•  ●  •

The petition is **GRANTED.**