**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMRITPAL SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70799

Agency No. A205-194-361

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 13, 2018
San Francisco, California

Before:  TASHIMA, RAWLINSON, and WATFORD, Circuit Judges.

Amritpal Singh (Singh), a native and citizen of India, petitions for review of

a decision of the Board of Immigration Appeals (BIA) denying asylum,

withholding of removal, and protection under the Convention Against Torture.

Singh challenges only the adverse credibility determination made by the

Immigration Judge (IJ).  Because Singh filed his application for relief after 2005,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the REAL ID Act governs the adverse credibility determination. *See Singh v. Lynch*, 802 F.3d 972, 975 (9th Cir. 2015).

**1.** Because the BIA specifically addressed the IJ's adverse credibility determination, Singh's challenge to the adverse credibility determination was sufficiently exhausted. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013) (noting that the court "may review any issue addressed on the merits by the BIA, regardless whether it was raised to the BIA by the petitioner") (citation omitted).

**2.** The BIA cited several grounds in support of upholding the IJ's adverse credibility determination. We address only the discrepancy surrounding whether Singh's attackers in July, 2010, were aware that Singh was a member of the Akali Dal Mann Party. Singh first testified that he did not recognize his attackers, but later stated that he recognized his attackers from the gurdwara. Singh also equivocated as to whether his attackers called his name or merely flagged him down. After the IJ asked Singh to clarify, Singh conceded that he did not know how the attackers would have recognized him. The IJ considered the totality of the circumstances, noted the inconsistent testimony, and provided reasons for rejecting Singh's proffered explanations. *See Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (identifying "credibility factors") (citation and internal quotation marks

omitted).  Substantial evidence therefore supports the BIA's adverse credibility determination.  *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (reviewing adverse credibility determination for substantial evidence).  Because this inconsistency is sufficient to support the IJ's adverse credibility finding, we need not address the remaining grounds cited by the BIA.  *See Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011) ("Because we must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence, we focus on one of the key contradictions the IJ identified.") (citation omitted).

**PETITION DENIED.**