NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHOU QIN HAUNG, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   15-70223 Agency No. A087-619-386 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2019[**]
Pasadena, California

Before:  OWENS, R. NELSON, and MILLER, Circuit Judges.

Zhou Qin Haung, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") final removal order, dismissing her appeal from the

immigration judge's ("IJ") decision denying her asylum and withholding of

removal.  As the parties are familiar with the facts, we do not recount them here.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Haung argues that the IJ failed to analyze the "totality of the circumstances" before making an adverse credibility finding, as required under 8 U.S.C. § 1158(b)(1)(B)(iii), because the IJ did not consider the statements she made in her credible fear interview.[1]  According to Haung, these prior statements about her claim of persecution—that she was forced to have an abortion under China's one-child policy—were consistent with her testimony before the IJ, and thus she should have been found credible.

Section 1158(b)(1)(B)(iii) merely lists factors that the trier of fact "may" consider in determining credibility.  The statute does not require that the trier of fact specifically discuss any particular factor.  "Because credibility determinations are findings of fact by the IJ, they 'are conclusive unless any reasonable

---

[1]  The government argues that we lack jurisdiction to consider this argument because Haung did not administratively exhaust it.  *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").  Although Haung did not present this precise argument before the BIA, she nonetheless "challenged the IJ's overall credibility determination." *Zhi v. Holder*, 751 F.3d 1088, 1094 n.5 (9th Cir. 2014).  And the BIA reached the issue in concluding that the IJ properly considered the totality of the circumstances, "a sub-part of that overall [credibility] determination." *Id.*; *see also Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013) ("[W]e may review any issue addressed on the merits by the BIA, regardless whether it was raised to the BIA by the petitioner.").  Thus, we have jurisdiction to review this argument.

2

adjudicator would be compelled to conclude to the contrary.'" *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B).

In this case, the credible fear interview does not undermine the agency's decision to deny relief. The IJ may base an adverse credibility finding on discrepancies that do not go "to the heart" of the asylum claim, so long as those inconsistencies are "considered in light of the 'totality of the circumstances.'" *Shrestha v. Holder*, 590 F.3d 1040, 1043 (9th Cir. 2010) (citation omitted). Here, the IJ and BIA properly based the adverse credibility finding on numerous inconsistencies in Haung's testimony at the asylum hearing, even though the discrepancies did not go to her forced abortion claim. Haung conceded that her testimony was "all over the place." For example, her testimony about when she left China differed from the date stamped in her passport. Her testimony was also inconsistent about how she left China and which countries she passed through in her journey to the United States. Nothing in the credible fear interview compels a contrary conclusion. *See Rizk*, 629 F.3d at 1087. Thus, the IJ and BIA did not err in concluding that Haung failed to establish her eligibility for asylum and withholding of removal.[2]

**PETITION FOR REVIEW DENIED.**

---

[2]   Because Haung failed to challenge the denial of Convention Against Torture protection on appeal, she has waived review of this claim for relief. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).