**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTA ALICIA ZAVALA-MOLINA, | No.   20-72063 |
| Petitioner, | Agency No. A208-543-960 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2025
Pasadena, California

Before:  WARDLAW and KOH, Circuit Judges, and ROSENTHAL,** District
Judge.

Marta Zavala-Molina, a native and citizen of El Salvador, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing her

appeal from an Immigration Judge's ("IJ") denial of her applications for asylum

and withholding of removal.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252 and review the agency's factual findings for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We deny the petition for review.

1. On appeal, Zavala-Molina asserts membership in the particular social group ("PSG") of "females who have been raped by gangs who have reported their crimes." The government contends that this PSG was not properly presented to the BIA and is therefore unexhausted. We disagree.

Although the BIA deemed this PSG was waived, it expressly analyzed the PSG advanced to the IJ, explaining that the formulation before it was merely another "iteration" of those previously proposed and concluding that each was "impermissibly, circularly defined by the harm asserted." Because the BIA reached the merits of whether the PSG was cognizable, Zavala-Molina properly exhausted her claim. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013) (holding that "we may review any issue addressed on the merits by the BIA").

2. We conclude that the BIA erred in finding no nexus between Zavala-Molina's harm and a protected ground. For asylum, the protected characteristic must be "one central reason" for the past or feared future harm; for withholding, it must be "a reason." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

2

The record compels the conclusion that Zavala-Molina's second assault occurred because she reported the first assault, a rape, to the police. The assailant specifically threatened Zavala-Molina not to report the first assault to the police, warning that "wherever [she] went he was going to look for [her] until he found [her]." He also told her that he would "look for [her] as if [he was] looking for a needle." Eight years later, after Zavala-Molina had reported the first attack to the police, her assailant located her and assaulted her a second time, stating that "[she] had thought that he would never find [her] and that [she] had reached [her] last day of life." These facts further support the finding that Zavala-Molina faces a clear probability of future persecution on account of her PSG. *See Chand v. I.N.S.*, 222 F.3d 1066, 1079 (9th Cir. 2000). Accordingly, the agency erred in concluding that Zavala-Molina failed to show a nexus between her PSG and her persecution.

3. Nevertheless, even assuming that Zavala-Molina established membership in a cognizable PSG and that her second assault constituted persecution on account of that membership, her claim fails because she has not shown that the Salvadoran government was unable or unwilling to protect her. *See Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000).

The record shows that after the first assault, authorities took her report, took her to a forensic medical examination then to a hospital for treatment, and on multiple occasions interviewed her and asked her to review photographs in

3

attempts to identify the assailant. That they did not ultimately apprehend him does not compel the conclusion that they were unwilling or unable to help. *Compare Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (police investigated but could not solve the crimes), *with In re O-Z & I-Z*, 22 I. & N. Dec. 23, 26 (BIA 1998) (police took "no action beyond writing a report"), *and Mashiri v. Ashcroft*, 383 F.3d 1112, 1115 (9th Cir. 2004) (police "quickly closed their investigation" and told the petitioners that "such things happened all the time"). El Salvador's criminalization of rape and domestic violence further supports the agency's conclusion that the government is not unwilling or unable to control such conduct. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1073–76 (9th Cir. 2017) (en banc) (considering country crime statistics and laws as factors to determine whether the government was unable or unwilling to control private actors).

**PETITION DENIED.**