**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURA SANTIAGO-DORRANTES, | No. 21-1361 |
| Petitioner, | Agency No. A216-434-324 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026[**]
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Maura Santiago-Dorrantes seeks review of the determination of the

Board of Immigration Appeals (BIA) to pretermit her application for relief from

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA held that Santiago-Dorrantes abandoned her application for relief from removal because she failed to comply with her biometric requirements. We "may review any issue addressed on the merits by the BIA," *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013), and we hold that there is no error in the BIA's determination. Santiago-Dorrantes failed to complete biometrics despite receiving adequate notice from the Immigration Judge (IJ) that she must "comply" with the biometrics requirements and "obtain" biometrics confirmation by the November 5, 2018 deadline. *See* 8 C.F.R. § 1003.47(c), (d). The BIA therefore did not abuse its discretion in affirming the IJ's pretermission of Santiago-Dorrantes's application. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948–49 (9th Cir. 2021) (holding that IJ did not abuse its discretion by pretermitting application when applicant failed to complete biometrics obligations after receiving adequate notice).

Santiago-Dorrantes's remaining arguments concerning her procedural due process rights and Notice to Appear (NTA) are unexhausted, because they were neither presented to nor passed upon by the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013) ("Because the IJ or BIA could have addressed [petitioner's procedural due process claim] if she had raised it, her claim does not fall within the exception to the exhaustion requirement."); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (holding that BIA had "no reason to consider" petitioner's new arguments raised in his petition concerning "NTA's defects").

21-1361

**PETITION DENIED.**