NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIRO GUARDADO APARICIO, | No. 20-71000 |
| Petitioner, | Agency No. A215-855-186 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2021**
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and SCHREIER,*** District
Judge.

Jairo Aparicio, a citizen of El Salvador, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming an Immigration Judge's denial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

of his applications for asylum and withholding of removal under the Immigration and Nationality Act, and deferral of removal under the Convention Against Torture ("CAT"). "We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and dismiss as to the asylum and CAT claims and deny the withholding claim.

Aparicio first argues the BIA erred in rejecting his asylum application as untimely. *See* 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to hear this argument because we "do not have jurisdiction to review unexhausted claims." *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013). The BIA held that Aparicio did not "address[] the application of the 1-year bar to his asylum application" in his appeal, and that the "issue ha[d] been waived and abandoned." We accordingly reject Aparicio's argument for an exception to the one-year filing deadline based on changed country conditions.

"There is no statutory time limit for bringing a petition for withholding of removal," however. *Himiri v. Ashcroft*, 378 F.3d 932, 937 (9th Cir. 2004) (citing 8 U.S.C. § 1231(b)(3)). Aparicio argues he qualifies for withholding of removal because his "life or freedom would be threatened" in El Salvador because of his "membership in a particular social group," 8 U.S.C. § 1231(b)(3)(A), "Salvadorans who have demonstrated a resistance to gang demands, particularly gang extortion, and have consequently been recognized as gang targets."

We have continually rejected the notion that those "who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities," have an "anti-gang opinion," *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) (abrogated on other grounds), or who "renounce[] their gang membership," *Reyes v. Lynch*, 842 F.3d 1125, 1129 (9th Cir. 2016), constitute a "particular social group." Although "those who have publicly testified against gang members" can constitute a social group, Aparicio does not fall within this category. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). We therefore deny Aparicio's withholding claim.

Aparicio finally argues the BIA erred in denying him relief under CAT. Again, we lack jurisdiction to consider his argument. Aparicio failed to "effectively allege[] any error" to the BIA, as his "general statements of error" were "unsupported by specific factual" references, and thus have not been exhausted. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819–20 (9th Cir. 2003).

**PETITION DENIED IN PART AND DISMISSED IN PART.**