**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLEMENT TAIWO BABATUNDE, AKA
T. Clement Babatunde,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-70815

Agency No. A206-881-658

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2022
Portland, Oregon

Before:  BERZON and CHRISTEN, Circuit Judges, and BLOCK,[**] District Judge.

Clement Taiwo Babatunde appeals the Board of Immigration Appeals'

("BIA") decision ordering him removed. We lack jurisdiction over two of the

issues Babatunde raises but remand for consideration of the third.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

**1.** We do not have subject matter jurisdiction over issues a petitioner fails to raise before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004). We can consider some constitutional issues not raised before the agency, but not procedural errors that the agency could have addressed had the claim been raised before it. *Id.* at 778; *see Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013). Babatunde's due process challenges concern procedural matters the BIA could have addressed had he raised them, but he did not. We therefore lack jurisdiction over the due process issues.

**2.** We also lack jurisdiction over Babatunde's challenge to the BIA's determination that his conviction was a "particularly serious crime" that bars his asylum and withholding of removal claims. Babatunde did not raise the particularly serious crime issue at all in his brief before the BIA, *Barron*, 358 F.3d at 676–78, and the BIA did not address the merits of the issue, *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013).

**3.** Babatunde did, however, exhaust his challenge to the IJ's Convention Against Torture ("CAT") determination. To meet the exhaustion requirement, a petitioner must specify which issues form the basis of the appeal, such that the BIA is on notice and has an opportunity to correct any error. *See Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir. 2004). We "do not employ the exhaustion doctrine in a formalistic manner." *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 959 (9th Cir.

2018) (quoting *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008)); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Where a petitioner "explicitly mentioned" in his BIA brief that he was "requesting reversal of the IJ's denial of relief under the Convention Against Torture," the request is "sufficient to put the BIA on notice that he was challenging the IJ's Convention determination," and "the agency had an opportunity to pass on this issue." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

When considering exhaustion, we construe *pro se* filings liberally. *See Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002). In Babatunde's *pro se* brief before the BIA, he stated he "appeals the honorable Immigration Judge's (IJ) order of Respondent's removal following the court's denial of his applications for Asylum, Withholding of Removal and Protection Under the U.N. Convention Against Torture." He referred to the Convention Against Torture again when challenging the IJ's determination that because Babatunde provided "material support" to Boko Haram under duress, he was barred "from establishing eligibility for asylum, withholding of removal and withholding under CAT." Finally, Babatunde asserted the IJ "abused his discretion by neglecting to assign the appropriate weight to the country conditions." "Country conditions evidence can play a decisive role in determining eligibility for relief under the Convention," *Zhang*, 388 F.3d at 721.

Babatunde explicitly mentioned the Convention Against Torture twice in contexts sufficient to put the BIA on notice that he was challenging the IJ's CAT determination and also flagged the adequacy of the IJ's consideration of the country conditions report. *See id.* Although the latter mention was in connection with "persecution," adequacy of country conditions consideration is pertinent to asylum and withholding relief and to CAT relief. As Babatunde was proceeding *pro se*, the parallel reference to country conditions was sufficient for exhaustion purposes.

The government next asserts that Babatunde failed to challenge the CAT determination in his opening brief before this court, so he "waives any challenge to the Board's waiver finding." Construing Babatunde's *pro se* opening brief liberally, he stated enough to preserve the claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). In any event, the government addressed the merits of Babatunde's CAT claim in its answering brief, and it was discussed in Babatunde's counseled reply brief, so any failure by Babatunde to raise the issue "did not impair the government's position on appeal," or our ability fully to consider the issue. *See Ullah*, 976 F.2d at 514; *Etemadi v. Garland*, 12 F.4th 1013, 1027 (9th Cir. 2021).

We DENY the Petition as to Babatunde's due process and particularly serious crime challenges. We GRANT the Petition as to Babatunde's claim for deferral of removal under the Convention Against Torture, and we REMAND to

the BIA to consider that claim for relief on its merits in the first instance.