**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA PAZ ZARATE, | No. 21-779 |
| Petitioner, | Agency No. A209-129-956 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: HAWKINS, S.R. THOMAS, MCKEOWN, Circuit Judges.

Veronica Paz Zarate, a native and citizen of Mexico, petitions for review

from a Board of Immigration Appeals ("BIA") decision dismissing her appeal from

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an Immigration Judge's ("IJ") denial of her application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we review the BIA's findings of fact for substantial evidence. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). We may review Paz Zarate's CAT claim notwithstanding her failure to raise that issue in her brief to the BIA because the BIA addressed the issue on the merits. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013). We deny the petition for review. The parties are familiar with the facts, so we do not recount them here.

Substantial evidence supports the finding that Paz Zarate is not entitled to CAT relief. The IJ found Paz Zarate's testimony to be not credible, and Paz Zarate did not challenge that finding before the BIA. The remainder of the record, including the country conditions report and news articles, does not compel the conclusion that Paz Zarate is likely to be tortured by or with the acquiescence of a Mexican government official. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).[1]

**PETITION DENIED.**

---

[1] Paz Zarate also sought asylum and withholding of removal below. We do not address these claims because Paz Zarate does not discuss them in the body of her brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).