NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUANA MONTEJO-JUAN; N.L.M.; D.J.L.M.<br><br>Petitioners,<br><br>v.<br><br>PAMELA J. BONDI, Attorney General,<br><br>Respondent. | No. 24-3246<br><br>Agency No.<br>A216-899-995<br>A216-899-996<br>A216-899-997<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Lead Petitioner Juana Montejo-Juan[1] and her two minor children, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] This court has amended the name of the case to accurately reflect the names of the parties. Though the IJ accurately renamed the case, the BIA and both parties here reverted back to the original but incorrect spelling.

("BIA") decision affirming an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Montejo-Juan asserts that the BIA erred in affirming the denial of her asylum and withholding of removal claims because the agency failed to address the nexus between the persecution and the protected ground. To qualify for relief, Montejo-Juan needs to demonstrate that she is "unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [Guatemala] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Each element is required in order to be eligible for asylum or withholding of removal. *See e.g., Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021). The agency found that Montejo-Juan did not show past persecution or well-founded fear of future persecution, rendering a nexus finding unnecessary. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("Courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

Petitioners failed to challenge the substance of the agency's well-reasoned persecution analysis, precluding meaningful review of their determinations. *Corro-*

24-3246

*Barragan v. Holder,* 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (noting that failure to contest an issue in an opening brief resulted in waiver). As these determinations are dispositive of Montejo-Juan's application for asylum and withholding of removal, we are compelled to deny her claims. *See Kaur*, 986 F.3d at 1221.

2. Similarly, Montejo-Juan raises no argument regarding her claim for CAT relief and therefore the issue is waived. *See Corro-Barragan,* 718 F.3d at 1177 n.5. We deny Montejo-Juan's claim for CAT relief.

3. Petitioners also assert that the BIA erred by failing to address the two minor children's claims for asylum, withholding of removal, and protection under CAT. Petitioners concede that they did not challenge the IJ's independent determinations as to the two minor children before the BIA. "[F]ailure to raise an issue to the BIA constitutes a failure to exhaust." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1). Legal claims must "have been raised in a precise form during the administrative proceedings" and the failure to raise an issue to the BIA generally precludes our review. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020); *see also Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021). We have recognized an exception to this rule when the BIA itself decides an issue "on the merits." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018); *see also Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013).

Petitioners claim that the BIA addressed the issue in its decision, and so, the

issue was exhausted even if it was not raised before the BIA. We disagree that the BIA addressed the issue "on the merits." *Parada,* 902 F.3d at 914. The BIA addressed the children's claim in a single footnote and noted states that "[t]he minor respondents do not seek relief or protection from the lead respondent's application and therefore are not entitled to assert a derivative claim for statutory withholding of removal or CAT protection." The children in fact filed separate applications, including petitioning for CAT protection, which the IJ addressed. Even though the BIA was incorrect in stating that the children filed no independent applications, the BIA was not asked to review the IJ's denial of relief for the minors and such a passing reference to the claims was not a ruling "on the merits." *Parada,* 902 F.3d at 914. Thus, the children's independent claims for relief remain unexhausted. *Bare*, 975 F.3d at 960.

**PETITION DENIED.**